ALONZO M. BUMPUS AND CHESTER H. THURSTON

*vs.*

ALFRED E. TURGEON.

Androscoggin.    Opinion April 11, 1904.

*Partnership.    Actions,* by partners—all to join ex contractu.    *Pleading.*

It is a general rule of pleading that all persons, who are partners in a firm when a contract is made with it, should join in an action for the breach of such contract.

The defendant was indebted to a firm consisting of the plaintiff and T. for lumber purchased of the partnership.    T. in fraud of the plaintiff settled the account by taking the defendant's check for part and the application of the balance in discharge of T.'s individual debt to the defendant.

*Held;* that the innocent partner cannot alone maintain a suit to recover the amount so applied.

Exceptions by plaintiff.    Overruled.

Assumpsit by the plaintiffs as co-partners on account annexed to recover the price of lumber sold to the defendant.

The facts appear in the opinion.

*D. J. McGillicuddy and F. A. Morey,* for plaintiff.

*W. H. Newell and W. B. Skelton,* for defendant.

SITTING:   WISWELL, C. J., WHITEHOUSE, POWERS, PEABODY, SPEAR, JJ.

POWERS, J.    The defendant was indebted to A. M. Bumpus & Co., a co-partnership consisting of the plaintiff and one Chester H. Thurston, who is living, in the sum of $511.69 for lumber purchased of the partnership.    Thurston in fraud of his partner settled this account for the defendant's check for $154.14 and by the application

of the balance in discharge of his individual debt to the defendant. This suit was afterward brought in the name of the partnership to recover the amount so applied. At the trial, after the evidence was all in, the plaintiff amended his writ by striking out the name of Thurston as plaintiff. Thereupon the presiding justice directed a verdict for the defendant and the plaintiff took exception.

The case presents the single question whether, under the facts above stated, the innocent partner may maintain an action in his name alone to recover the partnership debt. It is a general rule of pleading, too familiar to require either citation or argument, that all persons who are partners in a firm when a contract is made with the firm, should join in an action for the breach of it. To this there are exceptions, as in the case of the death of one of the partners, his bankruptcy, or of a dormant or nominal partner, and possibly in other instances.

The attempt has often been made, and failed, to sustain an action in the name of one member of a firm in defiance of the above rule. *Hewes* v. *Bayley*, 20 Pick. 96; *Halliday* v. *Doggett*, 6 Pick. 359; *Cushing* v. *Marston*, 12 Cush. 431; *Fish* v. *Gates*, 133 Mass. 441. While there is a conflict of authority as to whether an action may be maintained by all the partners under the circumstances presented by the case at bar, no case has been cited in support of the plaintiff's contention that it can be sustained by less than all.

In the present case the promise was to the plaintiff and Thurston jointly, the consideration for that promise moved from them jointly. A recovery must be for their joint benefit. To permit the plaintiff alone to maintain this action would be a violation of a rule of pleading which never heretofore has been questioned. It is urged that as this court has decided in *Blodgett* v. *Sleeper*, 67 Maine, 499, that an action cannot be maintained by the plaintiff and Thurston jointly, the plaintiff if he cannot sue alone is left wholly without remedy at law. It is however simply one among many of the legal limitations, incident to the partnership relation, which the plaintiff accepted when he voluntarily entered into the partnership.

In *Homer* v. *Wood*, 11 Cush. 62, an analogous case, in which suit

was brought in the name of the firm, the Massachusetts court after saying that the innocent or defrauded partner cannot recover in his own name alone, and holding that the firm also cannot maintain a suit, said:

"It may seem hard and inequitable that the innocent party, who is himself the victim of his co-partner's fraud, should be thus shut out from his legal remedy. But the legal connection of partners is so peculiar and intimate, that their rights and remedies in a court of law are necessarily limited by the relation which they hold to each other. They cannot maintain an action against one of their copartners who is indebted to them in his individual capacity, nor against another firm of which one of the co-partners is also a member. These and similar restrictions are the unavoidable results of the technical rules of law in their application to the mutual relations of co-partners, and serve to show, that, in a court of law, the rights of co-partners cannot always have corresponding and adequate remedies. These must often be sought in a court of equity only."

It is not now necessary to determine whether, as stated in *Craig* v. *Hulschizer*, 34 N. J. P. 363, "the equitable remedy is entirely adequate." The well settled rules of pleading forbid the maintainance of this action ex contractu by one of the partners alone.

*Exceptions overruled.*