**NEW ENGLAND HERALD
DEVELOPMENT GROUP**

**v.**

**TOWN OF FALMOUTH, et al.**

Supreme Judicial Court of Maine.

Argued Nov. 4, 1986.

Decided Feb. 25, 1987.

**694**

Bernstein, Shur, Sawyer & Nelson, Christopher L. Vaniotis (orally), for plaintiff.

Hunt, Thompson & Bowie, M. Roberts Hunt, Drummond, Woodsum, Plimpton & MacMahon, Rufus E. Brown (orally), Portland, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

NICHOLS, Justice.

The Plaintiff, New England Herald Development Group, appeals from a judgment of the Superior Court (Cumberland County) dismissing the review it had sought of a decision of the Falmouth Board of Zoning Appeals. After that Board had denied the Plaintiff's application for an exception to the town's zoning and site plan ordinance requirements, the Plaintiff sought judicial review of the Board's decision in the Superior Court pursuant to M.R.Civ.P. 80B. The Superior Court found that the Plaintiff lacked standing to seek review of the Board's decision because it was not the named party before the Board. On appeal, the Plaintiff argues that it was sufficiently involved in the proceedings before the Board, and suffered the "particularized injury" necessary to give it standing to seek such review.

We vacate the judgment of the Superior Court.

New England Herald Development Group describes itself as a "general partnership" of five individuals as such an entity is defined by 31 M.R.S.A. § 286 (1978). In 1984 this Group had contracted to purchase property in Falmouth known as the "Fish Estate," and it had taken title to an adjacent parcel of land. That Group then joined with another partnership, "Landmark Realty," that consisted of three other individuals, to form "Foreside Associates," for the purpose of developing the property.

On December 7, 1984, Foreside Associates, through a partner, John H. Leasure, applied to the Falmouth Board of Zoning Appeals for consideration of an "exception" under section 3.3 of the local zoning ordinance to permit the Associates to construct a "multiplex" condominium development.[1] On May 29, 1985, the Board voted unanimously to deny the application by Foreside Associates for this exception, concluding that the drainage and soil type were unsuitable for the proposed project.

Judicial review of the Board's decision was not sought in the name of Foreside Associates, the party initially before the Board. Instead, review was sought by the New England Herald Development Group, the Plaintiff, one of Foreside Associates' two constituent partnerships, and the owner of record of the real property sought to be developed. In its pleadings the Plaintiff stated that it was a "general partnership" doing business as Foreside Associates. The Plaintiff attacked the Board's decision as not supported by the facts, and as erroneous as a matter of law. In response, the Defendants, the Town of Falmouth and George Thebarge, challenged the right of this Plaintiff to seek review of the Board's denial of Foreside Associates' application to be given "exception" status. The Defendants contend that because the administrative proceeding was brought by Foreside Associates, this Plaintiff lacked standing to seek review of the Board's decision as it was not a "party" to the proceedings before the Board, as required by 30 M.R.S.A. § 2411(3)(F).[2]

---

1. The ordinance requires an applicant proposing to construct a "multiplex" condominium to obtain an exception from the Board.

2. 30 M.R.S.A. § 2411(3)(F) (1978) provides:

An appeal may be taken, within 30 days after the decision is rendered, by *any party* to Superior Court from any order, relief or denial in accordance with the Maine Rules of Civil Procedure, Rule 80B. The hearing before the Superior Court shall be without a jury.

As a second issue, the Defendants assert that under our law a partnership lacks capacity to sue or be sued in its partnership name, but can sue only in the name of the individual partners.

On the first of these two issues the Superior Court noted the variance of the parties and ordered the parties to develop this issue before the merits of the case would be determined. The Plaintiff filed motions to join Foreside Associates, the five individual members of the Plaintiff Group, and two of the three individual members of Landmark Realty,[3] and further sought leave of the court to amend the complaint to reflect the addition of the parties. The Defendants responded by moving to dismiss the action. After an April hearing, the Superior Court granted this motion of the Defendants. Subsequently, the court denied the Plaintiff's motion to join additional plaintiffs and amend the complaint, holding that the issue was mooted by dismissal of the action.

■ Rights of appeal from decisions of administrative tribunals are created by statute, and the requisite "standing" of any appellant to seek review therefrom depends upon the wording of the specific statute involved. *Singal v. City of Bangor,* 440 A.2d 1048, 1050 (Me.1982). The statute here involved, as we have seen, grants standing to seek direct judicial review to "any party" from any decision of a board of appeals. However, the test for "standing" involves a two-part determination. Not only must a plaintiff prove that it was a "party" before the board of appeals as that term is used in the statute, but a plaintiff must further demonstrate that it suffered a "particularized injury" as a result of the board's decision. *Singal,* 440 A.2d at 1050; *Harrington v. Town of Kennebunk,* 459 A.2d 557, 559 (Me.1983). The requirement of "particularized injury" is met when the judgment adversely and directly affects that party's property, pecu-

(emphasis added).

**3.** One of the members of Landmark Realty, Thomas Concannon, had withdrawn from the partnership and had conveyed his interest to the other two individual members of Landmark Realty.

niary or personal rights. *Harrington,* 459 A.2d at 559–60; *Seven Islands Land Co. v. Maine Land Use Regulation Commission,* 450 A.2d 475, 484 (Me.1982) (Nichols and Wathen, JJ., concurring). Because this second part of the test for "standing" is more easily proven in this case, it will be discussed first.

■ In the case before us the Plaintiff owns outright a small portion of the subject property and has a contract to purchase the entire property to be developed, contingent upon the outcome of the licensing process. Five of the eight members of Foreside Associates are partners in the Plaintiff Group. Therefore, the Plaintiff has a legally cognizable relationship to the property to be developed, that this Court has recognized as valid and necessary in order to seek a license or permit. Furthermore, it stands to suffer injury to their pecuniary interests if its application should be denied. Together, this satisfies the second part of the test for standing, as the Plaintiff demonstrated that it suffered "particularized injury" from the Board's decision. *See Murray v. Town of Lincolnville,* 462 A.2d 40, 43 (Me.1983).

■ To satisfy the first part of the "standing" question the Plaintiffs must establish that they were "parties" to the administrative proceeding, 30 M.R.S.A. § 2411(3)(F). Here the question is whether the variance between the named Plaintiffs at the administrative and judicial levels is fatal to the claim. Generally the statutes granting review of administrative decisions are drafted to assure only parties aggrieved by the decision will have standing to press the review. *See Matter of Lappie,* 377 A.2d 441, 443 (Me.1977). We have interpreted the phrase "any party" as establishing a rather low threshold requirement to prove a party's standing to seek review.[4] It has been the rule since *Pride's*

**4.** In *Pride's Corner Concerned Citizens Association v. Westbrook Board of Zoning Appeals,* 398 A.2d 415 (Me.1979), this Court reviewed the statutory scheme and refused to define the term "party" as a legal term of art, as the term is used in Rules 17–25, M.R.Civ.P. *Id.* at 417. Reasoning that proceedings before a Board of Appeals

*Corner Concerned Citizens v. Westbrook Board of Zoning Appeals,* 398 A.2d 415 (Me.1979), that "party" as used in section 2411(3)(F) means only that the litigant seeking review must have been any participant in the proceedings who is aggrieved by the action or inaction of the Zoning Board of Appeals. *Singal,* 440 A.2d at 1050. "Participation" may be formal or informal, in person or through an attorney. *Leadbetter v. Ferris,* 485 A.2d 225, 227 (Me.1984); *Singal,* 440 A.2d at 1050–51.

Furthermore, we have determined that a plaintiff need not have standing as an entity in order to seek review. In *Pride's Corner Concerned Citizens Association* we recognized that only one member of the citizens' association suffered the necessary "particularized injury" to meet the standing requirement. Nevertheless, we allowed the entity to bring the review, even though reduced to its essential procedural status, it had become an appeal by one individual plaintiff. Subsequently we have permitted direct judicial review brought by only a portion of the plaintiffs who had standing before the Superior Court.

■ In sum, the Plaintiff here had standing to seek review of the Falmouth Board of Zoning Appeals' decision. Through its individual partner and agent, John Leasure, the Plaintiff was present and participated at every stage of the administrative pro-

ceeding.[5] Indeed, seven of the eight individuals who originally comprised the two partnerships and who joined to form Foreside Associates to develop the "Fish Estate" are still pressing this appeal. Clearly, the Plaintiff satisfies the first part of the test for standing, in that it was a "party" to the administrative procedure.

As a second issue on appeal the Defendants argue that the Plaintiffs should not be allowed to seek review of the administrative proceeding because of a lack of legal capacity on the part of a partnership. They contend that a general partnership cannot sue or be sued in its own name as an entity; rather, the action must be brought in the name of the individual parties. *Macomber v. Wright,* 35 Me. 156, 157 (1852); *see also Bumpus v. Turgeon,* 98 Me. 550, 57 A. 883 (1904); 1 Field, McKusick & Wroth, *Maine Civil Practice* § 4.4 at 65–66 (2d ed. 1970). This was indeed the rule at common law.

■ Under the Uniform Partnership Act, 31 M.R.S.A. § 281 *et seq.* (1978 & Supp. 1986), a "partnership" is defined as "... an association of two or more persons [6] ... to carry on as co-owners a business for profit."[7] In the instant case, the two constituent partnerships joined together to develop the property, subject to a profit-sharing arrangement. While this arrangement qualifies as a "partnership" under the uni-

---

are far less formal than a judiciary proceeding, we stated "[T]o superimpose a formal structure of appearance, withdrawal and substitution of parties upon an otherwise open proceeding seems purposeless and unrealistic." *Id.* at 417. We then recognized that in that case the Plaintiff had standing to seek judicial review of the administrative decision even though he had never formally become a "party" to the action at the administrative level; he had, nevertheless, participated at the hearings before the Board and was a member of the nonprofit citizens group which initiated the action. We concluded; "To construe 'party' within Section 2411(3)(F) to mean any more than a participant in the proceedings who is aggrieved by the action of the appeals board would be contrary to other obvious expressions of legislative intent." *Id.* at 417–18.

5. *See Bay View Investment, Inc. v. Grigsby,* 219 So.2d 760 (Fla.Dist.Ct.App.1969) where the court allowed an agent for the principal in a hearing

before the circuit court, who lost, to be considered a person "aggrieved" under the statute.

6. As used in section 286, the term "persons" includes; individuals, partnerships, corporations and other associations. 31 M.R.S.A. § 282(5) (1978).

7. A writing is not necessary to establish the partnership relation, and the expressed intentions of the members are not determinative. The relationship is based upon a contract, expressed or implied, if the relationship would qualify under the statute. *Lupien v. Malsbenden,* 477 A.2d 746 (Me.1984). Under 31 M.R.S.A. § 287 (1978) "Rules for determining the existence of a partnership" the present arrangement appears to qualify as a partnership. The members have placed their money, labor and skill in lawful business with the understanding that the community profits will be shared, and they each had the right to participate in control of the business.

form act, the adoption of that act did not necessarily change the common law rule that treated partnerships as mere aggregates of individuals and not legal entities. The draftsmen of the uniform act were divided over what effect it should have on the common law rule, that was not uniformly followed by the states. The result is the Act contains language that supports application of either theory. *See* Jensen: *Is a Partnership Under the Uniform Partnership Act an Aggregate or an Entity?*, 16 Vand.L.Rev. 377 (1963); *see also Hartford Financial Systems, Inc. v. Florida Software Services, Inc.*, 550 F.Supp. 1079, 1090 and n. 19 (D.Me.1982); *David v. David*, 161 Md. 532, 157 A. 755 (1932).[8]

That question need not be decided generally for the purposes of the appeal now before us. This case relates to real estate that in the partnership name the Plaintiff Group has contracted to purchase and to a contiguous parcel to which title was taken in the name of the Plaintiff Group. When title is held in the partnership name, section 290 of the Uniform Partnership Act expressly empowers any partner to convey title thereto in the partnership name. That is enough for today's case.[9]

In sum, an action relating to real property may be commenced for or against a partnership in the partnership name when the partnership interest in the real property is held in the partnership name.

The entry is:

Judgment of dismissal vacated.

**8.** Illustratively, compare 31 M.R.S.A. §§ 288, 290 (1978), that treats property that comes to the co-owners as "partnership property" and can then only be transferred in the partnership name, thus having overtones of "entity" treatment, with section 295(1), that holds each partner jointly and severally liable for the wrongful acts of any individual partner under sections 293 and 294 (1978), thus having overtones of continued "aggregate" treatment.

**9.** The reason for this rule is that real property owned by a partnership may now be acquired in the partnership name, and title to this partnership property can only be conveyed in the partnership name. 31 M.R.S.A. §§ 288, 290 (1978). Therefore, in actions based upon real property, it is appropriate that the partnership should be allowed to sue or be sued in its partnership name. *See also Mazzuchelli v. Silberberg,* 29 N.J. 15, 20–22, 148 A.2d 8, 11 (1959) (where the Supreme Court of New Jersey stated that the adoption of the UPA in that state did not change the general application of the common law "aggregate" theory, except as relates to partnership property, where the partnership status as an "entity" is recognized). *See also Thomas v. Industrial Commission,* 243 Wis. 231, 239–241, 10 N.W.2d 206, 210 (1943) (where the Supreme Court of Wisconsin noted that a partnership was to be given "aggregate" treatment generally, except for procedural or conveyancing purposes); *Loucks v. Albuquerque National Bank,* 76 N.M. 735, 418 P.2d 191 (1966); *Caswell v. Maplewood Garage,* 84 N.H. 241, 149 A. 746 (1930) (defendant permitted to be sued in its partnership name).

Remanded for further proceedings consistent with the opinion herein.

All concurring.