1999 ME 81

**Edward ROWE**

v.

**CITY OF SOUTH PORTLAND et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 15, 1999.
Decided May 28, 1999.

Christopher B. McLaughlin, Christopher Neagle, Verrill & Dana, LLP, Portland, for plaintiff.

Mary K. Kahl, Corporation Counsel, South Portland, for City of South Portland.

Harold C. Pachios, Sigmund D. Schutz, Preti, Flaherty, Beliveau, Pachios & Haley, LLC, Portland, for Nancy Buck.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] Edward Rowe appeals from a judgment entered in the Superior Court (Cumberland County, *Cole, J.*) affirming the decision of the City of South Portland Zoning Board of Appeals' granting a setback variance to Nancy Buck. Because we agree with Rowe's contention that Buck failed to show that the property could not yield a reasonable return without the variance, we vacate the judgment.

[¶ 2] The facts may be summarized as follows: Buck built a home on a lot in South Portland in 1996. The home and the lot are irregular in shape. The area of the lot is approximately 28,000 square feet, and the area of the house is 4,600 square feet. Buck hired a designer and a contractor to design, locate, and build the house. In building the house, because of his concern for sea erosion, the contractor set the house back 20 feet from the ocean instead of 12.6 feet as indicated in the plan by the designer. In so doing, because of the irregular shape of the house and the lot, the house encroached upon the 20–foot front yard setback requirement by 1.26 feet and the 25–foot rear yard setback requirement in three places by 1.56 feet, 2.05 feet, and .79 feet. The home was substantially completed when Rowe, the abutting neighbor on the front side, undertook a survey for other reasons and discovered the encroachments. As a result, the certificate of occupancy was denied. Buck sought a zoning variance. After holding a hearing, the Board of Appeals granted the variance. Rowe appealed the Board's decision to the Superior Court pursuant to M.R. Civ. P. 80B, and the court affirmed. Rowe now appeals to this Court.

## I. Standing

[¶ 3] Before reaching the merits of this case, we must determine whether Rowe had standing. An appeal from a zoning board of appeals may be taken by "[a]ny party ... to Superior Court from any order, relief, or denial in accordance with the Maine Rules of Civil Procedure, Rule 80B." 30–A M.R.S.A. § 2691(3)(G)(1996). To be a "party" for purposes of section 2691, the person "must have participated before the board and must make a showing of a particularized injury." *Brooks v. Cumberland Farms, Inc.* 1997 ME 203, ¶ 8, 703 A.2d 844, 847 (citations omitted).

[¶ 4] Rowe, through his attorney, clearly participated in the hearing. Buck contends, however, that Rowe failed to plead or demonstrate a particularized injury. Particularized injury for abutting landowners can be satisfied by a showing of "the proximate location of the abutter's property, together with a relatively minor adverse consequence if the requested variance were granted." *Forester v. City of Westbrook,* 604 A.2d 31, 32 (Me.1992)

(standing found "due to the proximate location of his property together with the potential for esthetic or noise injury from the construction or use of the double deck"). Contrary to Buck's argument, Rowe's assertions that he owns abutting property and that Buck violated the front line setback requirement are sufficient to allege a particularized injury. *See Harrington v. City of Biddeford*, 583 A.2d 695, 696 (Me.1990) (standing found where the lot was on same side of street, separated by only one other lot, on the sole basis that the applicant's house was built closer to the street than the challenger's house).

## II. Variance

[¶ 5] When the Superior Court acts as an intermediate appellate court, we review the Board of Appeals' decision directly for abuse of discretion, legal error, or findings unsupported by substantial evidence in the record. *See Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me.1995). Our review of the record " 'is limited to determining whether from the evidence of record facts could reasonably have been found by the zoning body to justify its decisions.' " *Leadbetter v. Ferris*, 485 A.2d 225, 227 (Me.1984) (citations omitted). Pursuant to South Portland's zoning ordinance, the Board may only grant a variance if the applicant can show that strict application of the ordinance would cause the applicant undue hardship defined as follows:

(1) That the land in question cannot yield a reasonable return unless a variance is granted;

(2) That the need for a variance is due to the unique circumstances of the property and not to the general conditions of the neighborhood;

(3) That the granting of a variance will not alter the essential character of the locality; and

(4) That the hardship is not the result of action taken by the applicant or a prior owner.

South Portland, Me., Zoning Ordinance § 27–36 (January 19, 1994); *see also* 30–A M.R.S.A. § 4353(4) (Supp.1998).

[¶ 6] The issues in this case are complicated by the fact that the building was substantially completed at the time the error was discovered. We apply, however, the same requirements and analysis to post-construction cases. *See Pepperman v. Town of Rangeley*, 659 A.2d 280 (Me.1995) (upheld denial of variance for applicant who built a lean-to that violated a setback requirement on the ground that applicant failed to meet the reasonable return prong). Failure to yield a "reasonable return" means "the practical loss of all beneficial use of the land." *Twigg v. Town of Kennebunk*, 662 A.2d 914, 918 (Me.1995) (citation omitted). We have often stated that reasonable return does not mean maximum return. *See id.* at 919.

[¶ 7] In this case, if Buck had approached the zoning board for a variance prior to building the house, it could not have been granted because Buck could have constructed a house smaller than 4,600 square feet and still had a beneficial use. Moreover, Buck could still enjoy a beneficial use as a residence if she moves the house or rebuilds the part of the house that encroaches upon the front setback requirement. Buck argues that it would cost tens of thousands of dollars to move or rebuild the parts of the house that encroach upon the setback, and, without doing so, she is unable to get a certificate of occupancy to use the house as her residence. We determine that those arguments are insufficient to meet the reasonable return prong. The costs, even if prohibitive, were not construction costs caused by restrictions in the ordinance. They are reconstruction costs caused by human error in the construction of a building that could have conformed to the zoning requirements. Accordingly, the record does not rationally permit the conclusion that denial of the variance would result in the practical loss of all beneficial use of the land. Because an applicant

must satisfy all four prongs of the undue hardship test, we need not address whether Buck satisfied the other prongs.

[¶ 8] Notwithstanding Buck's failure to meet the reasonable return prong of the undue hardship test, both the City of South Portland and Buck ask us to allow the variance. The City asks that we adopt a "practical difficulty" test for determining an area variance request, arguing that the reasonable return prong is difficult to apply to area variances. Buck argues that we should apply a *de minimis* test to the facts of this case.

[¶ 9] We note that in 1991 the Legislature expressly authorized municipalities to adopt a more relaxed, less rigid test for single-family residences. *See* 30–A M.R.S.A. § 4353(4–B) (1996). In addition, in 1997 the Legislature also enacted an exception to the "undue hardship" requirement for variances from dimensional standards. *See* 30–A M.R.S.A. § 4353(4–C) (Supp.1998).

[¶ 10] The history behind these two subsections is as follows: In 1991 "An Act Allowing Zoning Boards of Appeal to Grant Dimensional Variances Based on Practical Difficulty" was introduced. L.D. 1832 (115th Legis.1991). The Statement of Fact read as follows:

Current law strictly limits the authority of a municipal zoning board of appeals to grant variances. A zoning board may grant a variance only if strict application of an ordinance causes undue hardship to the property owner. To prove undue hardship, a property owner must show that the ordinance prevents the property owner from realizing any reasonable return on the property.

This bill allows municipal zoning boards of appeals to grant dimensional variances if the petitioner can demonstrate "practical difficulty." To meet the practical difficulty standard in the bill, the property owner must show that strict application of an ordinance prevents the owner from using the property for a purpose otherwise allowed. The

property owner must also show that granting the variance does not reduce the value or impair the use of abutting property in the zone and does not conflict with the general purpose of the ordinance, that the public safety and welfare is protected and that the variance does not conflict with the municipality's comprehensive plan.

L.D. 1832, Statement of Fact (115th Legis.1991). The bill was amended to replace the dimensional language with the single-family dwellings language that was eventually adopted in 1991. Comm. Amend. A to L.D. 1832, No. H–901 (115th Legis.1991). In 1997, a new "Act to Establish Practical Difficulty Standards for a Variance from the Dimensional Standards of a Municipal Zoning Ordinance" was introduced. L.D. 1074 (118th Legis.1997). The Statement of Fact stated:

This bill amends the zoning adjustment statute to adopt "practical difficulty" standards for variances from dimensional standards in zoning ordinances. The bill allows a petitioner to obtain a variance from a dimensional standard, such as a yard setback, lot area, lot width or a frontage provision, upon a showing that is less stringent than must be made under "undue hardship" conditions in the Maine Revised Statutes, Title 30–A, section 4353, subsection 4. This bill requires a petitioner for use variances to prove undue hardship under section 4353, subsection 4; a petitioner for dimensional, or area variances may utilize the less stringent practical difficulty standards under section 4353, subsection 4–C. Although there now are less stringent undue hardship conditions for set-back variances under section 4353, subsection 4–B, which is limited to a single-family dwelling and which is the petitioner's primary year-round residence, these conditions do not afford relief from lot area, lot width or frontage requirements, and is only available if a municipality affirmatively adopts the standard by ordinance. This bill makes

all petitioners for dimensional variances, whether by residential, commercial or industrial property owners, subject to the practical difficulty standards and does not require municipal adoption of these standards.

L.D. 1074, Statement of Fact (118th Legis.1997). The bill was amended to change the language "The board shall grant a variance" to "A municipality may adopt an ordinance that permits the board to grant a variance." Comm. Amend. A to L.D. 1074, No. H–175 (118th Legis.1997).

■ [¶ 11] Thus, the Legislature has taken action and the City has the option to adopt the less stringent ordinances allowed by the Legislature. We decline to circumvent the legislative and municipal authority and adopt a "practical difficulty" test for all area variances when the Legislature has expressly granted authority to municipalities to adopt such a test and the City of South Portland has chosen not to take such action. For similar reasons, we decline to adopt a *de minimis* test.

The entry is:

Judgment vacated. Remanded to the Superior Court for entry of judgment in favor of plaintiff.