· 2000 ME 28

**TOMHEGAN CAMP OWNERS ASSOCIATION**

v.

**Robert MURPHY et. al.**

Supreme Judicial Court of Maine.

Argued Jan. 6, 2000.
Decided Feb. 16, 2000.

---

Anthony P. Shusta II, (orally), Madison, for plaintiff.

Stephen P. Beale, (orally), Skelton, Taintor & Abbott, P.A., Auburn, for defendants.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER and CALKINS, JJ.

CALKINS, J.

[¶ 1] Robert and Cynthia Murphy appeal from the judgment of the Superior Court (Somerset County, *Marsano, J.*), entered after a nonjury trial, granting damages and injunctive relief to Tomhegan Camp Owners Association (TCOA). On appeal, the Murphys contend that the trial court erred in denying their motion for judgment as a matter of law on the grounds that TCOA was acting *ultra vires* and that TCOA failed to join a necessary party. We affirm the judgment.

## I. FACTS

[¶ 2] TCOA is a nonprofit Maine corporation with its principal place of business in Tomhegan Township in Somerset County. TCOA manages the business of the Tomhegan campground owned by its members. The property managed by TCOA consists of fourteen lots with cabins on each lot. All cabins are subject to a restrictive covenant that states in relevant part:

Each owner of a lot at Tomhegan Camps shall automatically become a member of the Tomhegan Camps Owner's Association and be subject to its By-laws. Said Association may be formed by the owners at Tomhegan Camps and shall be responsible for the maintenance of the roads, water system and pump house,

and common areas shown on survey plan.

TCOA operates a central booking service through which people rent cabins at Tomhegan. TCOA collects rent from customers and disburses the rent money to the owners of the cabins.

[¶ 3] Pursuant to land installment contracts, the Murphys purchased three lots at the Tomhegan campground, each with a cabin, from Theresa Gagnon. The land installment contracts require the Murphys to pay all taxes, utility bills, insurance premiums, association fees, and assessments. Additionally, they are required to make monthly installment payments to Gagnon over varying terms for each contract. The Murphys are also required to indemnify and hold Gagnon harmless from all liability in connection with their use and occupancy of the properties during the purchase period. Legal title to the properties remains in Gagnon subject to the Murphys' interest until the full purchase price is paid.

[¶ 4] The instant case arises from the Murphys' nonpayment of assessments.[1] TCOA sent monthly statements to the Murphys demanding payment of the amounts assessed. There is no dispute that the statements were received by the Murphys and the assessments were not paid. The court found that the Murphys owe TCOA $13,485.88 in unpaid assessments. The court awarded damages to TCOA in that amount and ordered the Murphys to pay $8,000 as reimbursement for TCOA's attorney fees.[2] The court also granted a permanent injunction barring the Murphys or their tenants from using any of the common areas of the campground so long as the assessments remain unpaid.

## II. *ULTRA VIRES*

[¶ 5] At the close of TCOA's case in chief, and again at the close of all the evidence, the Murphys argued that TCOA did not have standing to bring the case because, as a nonprofit corporation, it acted *ultra vires* when it distributed rent money to the owners of the cabins. In Maine, the defense of *ultra vires* in regard to a nonprofit corporation is available only under the narrowly prescribed circumstances contained in 13–B M.R.S.A. § 203 (1981).[3] One of those circumstances is a

---

1. The unpaid assessments include assessed charges for utilities, the road lease, and payment of the monthly service fee for TCOA's services.

2. The TCOA by-laws provide that if any member fails to pay an assessment, the member is liable for the costs of collection, including the payment of reasonable attorney fees.

3. § 203. Defense of ultra vires

1. **Beyond legal powers.** No act of a corporation and no conveyance or transfer of real or personal property to or by a corporation shall be invalid by reason of the fact that the corporation was without capacity or power to do such act or to make or receive such conveyance or transfer, but such lack of capacity or power may be asserted:

A. In a proceeding by a member or a director against the corporation to enjoin the doing or continuation of unauthorized acts, or the transfer of real or personal property by or to the corporation. If the unauthorized acts or transfer sought to be enjoined are being, or are to be, performed pursuant to any contract to which the corporation is a party, the court may, if all of the parties to the contract are parties to the proceeding and if it deems the same to be equitable, set aside and enjoin the performance of such contract, and in so doing may allow to the corporation or the other parties to the contract, as the case may be, compensation for the loss or damage sustained by either of them which may result from the action of the court in setting aside and enjoining the performance of such contract, but anticipated profits to be derived from the performance of the contract shall not be awarded by the court as a loss or damage sustained;

B. In a proceeding by the corporation, whether acting directly or through a receiver, trustee or other legal representative, or through members in a representative suit, against the officers or directors of the corporation for exceeding their authority; or

proceeding brought by a member against the corporation to enjoin unauthorized acts, *see* § 203(1)(A), and the Murphys argue that as members of TCOA they could seek to enjoin TCOA from continuing with unauthorized acts. They did not, however, by counterclaim or otherwise, seek to enjoin TCOA, nor did they raise an affirmative defense of *ultra vires*. They do not come within the circumstances described in section 203(1), and the defense of *ultra vires* is unavailable to them.

[¶ 6] To the extent that the Murphys claim that TCOA lacks standing or the capacity to sue, they are incorrect. To have standing a party must demonstrate a particularized injury, *see Christy's Realty Ltd. Partnership v. Town of Kittery*, 663 A.2d 59, 61 (Me.1995), which is met when the case directly affects the party's property, pecuniary, or personal rights, *see New England Herald Dev. Group v. Town of Falmouth*, 521 A.2d 693, 695 (Me.1987). TCOA has a direct pecuniary interest in the litigation because it is seeking to collect unpaid assessments. Capacity to sue is the ability of an entity to maintain an action in the courts. *Cf. Gulick v. Board of Envtl. Protection*, 452 A.2d 1202, 1202–03 n. 1 (Me.1982) (requiring statutory authorization before an entity has the capacity to sue). TCOA, as a registered nonprofit Maine corporation, has specific statutory authorization to sue and be sued. *See* 13–B M.R.S.A. § 202(1)(B) (1981). The trial court did not err in denying the Murphys' motion for judgment as a matter of law on the grounds of *ultra vires*, standing or capacity.

## III. FAILURE TO JOIN A NECESSARY PARTY

[¶ 7] The Murphys also contend that the trial court erred in refusing to grant judgment to them for nonjoinder of a necessary party pursuant to M.R. Civ. P. 19(a).[4] They contend that the court could not afford complete relief in this case because Theresa Gagnon, the legal holder of title to the Murphy properties at Tomhegan, was not joined as a necessary party. The Murphys have failed to demonstrate why Gagnon is a necessary party. Gagnon has no interest in this litigation merely because she holds legal title to the properties subject to the Murphys' land installment contracts. The trial court could and did afford complete relief to TCOA. It did not err in concluding that Gagnon is not a necessary party.

The entry is:

Judgment affirmed. Remanded to the Superior Court with instructions to assess reasonable attorney fees for this appeal.

C. In a proceeding by the Attorney General, as provided in this Act, to dissolve the corporation, or in a proceeding by the Attorney General to enjoin the corporation from performing unauthorized acts, or in any other proceeding by the Attorney General.

13–B M.R.S.A. § 203(1) (1981).

4. M.R. Civ. P. 19(a) states:

(a) **Persons to Be Joined if Feasible.** A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refused to do so, the person may be made a defendant.