STATE OF MAINE

SAGADAHOC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-005
JRA - S A G - 12/2/0 y

NORRIS FAMILY ASSOCIATES,
LLC., *et al.,*

      Plaintiffs

v.

THE TOWN OF PHIPPSBURG
and NANCY STIMSON CHESTER,

      Defendants

**DECISION AND ORDER**

DEC   2004

Pending before the court are three motions: plaintiff's motion to determine record on appeal, defendant Stimson Chester's ("Stimson") motion to dismiss, and the plaintiffs' motion for leave to amend complaint. Because Stimson's motion is dispositive of the case, it will be addressed here first.

In her motion to dismiss, defendant Stimson offers two bases on which she claims that this Rule 80B action ought to be dismissed. The first of these is that plaintiffs Norris Family Associates, LLC ("NFA") and Philip Jermain ("Jermain") never appealed the issuance of her building permit to the Phippsburg Board of Appeals ("BOA" or "board") so have no legal basis to appeal its decision to this court. While the plaintiffs do not quarrel with the assertion that they did not appeal the code enforcement officer's ("CEO") issuance of this permit to the board, they argue that they were not required to do so because they participated at the hearing as abutters and showed particularized injury as a result of the CEO's action.

Stimson's second argument is that the plaintiffs did not establish standing before the BOA as they have contended and therefore cannot appeal its adverse decision here.

Because the court finds that Stimson's first argument is meritorious, it will focus its attention on this claim, although her second assertion will also be addressed briefly here.

In order to determine the proper role of a board of appeals and the parties who may there appear, it is necessary to look at the statute which authorizes a municipality to establish a board as well as the town's own ordinances. *Stewart v. Town of Sedgwick,* 2000 ME 157, ¶ 6, 757 A.2d 773, 775.

A municipality is empowered to establish a board of appeals by specific legislative authorization. 30-A M.R.S.A. § 2691(1). The jurisdictional authority conferred by the legislature on such a board is described in this way:

> 4. Jurisdiction. Any municipality establishing a board of appeals may give the board the power to hear any appeal by any person, affected directly or indirectly, from any decision, order, regulation or failure to act of any officer, board, agency or other body when an appeal is necessary, proper or required. No board may assert jurisdiction over any matter unless the municipality has by charter or ordinance specified the precise subject matter that may be appealed to the board and the official or officials whose action or nonaction may be appealed to the board. . . .

30-A M.R.S.A. § 2691(4).

Consistent with this statute Phippsburg has established a board of appeals. Phippsburg Shoreland Zoning Ordinance (SZO) sec. 16(A)(2), and has empowered it to hear and decide appeals where it is alleged that there is an error in any order, decision or determination made by the CEO. *Id.* sec. 16 (G)(1)(A). The town has also prescribed the procedure to be followed in prosecuting an appeal. It reads in pertinent part as follows:

> 3. Appeal Procedure.
>
> a. Making an Appeal.
>
> (i) An administrative or variance appeal may be taken to the Board of Appeals by an aggrieved party from any

decision of the Code Enforcement Officer or the Planning Board. Such appeal shall be taken within thirty (30) days of the date of the decision appealed from, and not otherwise, except that the Board, upon a showing of good cause, may waive the thirty (30) day requirement.

(ii)     Such appeal shall be made by filing with the Board of Appeals a written notice of appeal which includes:

(1)     A concise written statement indicating what relief is requested and why it should be granted ...

(4)     The Board of Appeals shall hold a public hearing on the appeal within thirty-five (35) days of its receipt of an appeal request.

SZO, sec. 16(G)(3)(a)(i), (ii)(1), (4).

At any hearing before the BOA the person filing the appeal shall also have the burden of proof. *Id.* sec. 16(G)(3)(b)(3). Finally, the ordinance provides that:

4.     Appeal to Superior Court

Any aggrieved party who participated as a party during the proceedings before the Board of Appeals may take an appeal to Superior Court in accordance with State laws within forty-five (45) days from the date of any decision of the Board of Appeals.

SZO, sec. 16(G)(4).

Precedent teaches that the power of a local body such as a board of appeals is delimited by the authority given it by the legislative body, in this case, the town meeting. *Stucki v. Plavin,* 291 A.2d 508, 510 (Me. 1972); 30-A M.R.S.A. § 2691(4). Thus, in order for the BOA in Phippsburg to act on an appeal, it and any aggrieved party must follow its ordinance.

In the court's view, plaintiffs NFA and Jermain did not follow any of the appeal procedures in Phippsburg so that its board would have the authority to consider their grievances. They never appealed the CEO's decision to issue a permit to Stimson to the BOA. SZO, sec. 16(G)(3)(a)(i). They filed no notice of appeal indicating what relief

would be requested. *Id.* sec. 16(G)(3)(a)(ii)(1). The BOA never had before them, nor did they consider or hold a public hearing on, any appeal filed by the plaintiffs, *id.* sec. 16(G)(3)(4), and the latter were never called upon or endeavored to establish via its burden of proof that the CEO's decision was in error. Indeed, the plaintiffs' only compliance with Phippsburg's SZO appeal process is that they filed their appeal here within the time limit specified by its ordinance, even though they did not present themselves as "an aggrieved party" before the BOA. *Id.* secs. 16(G)(4); 16(G)(3)(a)(i).

In contrast, former plaintiff[1] Suzanne Nusbaum ("Nusbaum") adhered to each step of Phippsburg's SZO appellate process and it was her, and not the plaintiffs' grievances, which the board addressed at the hearing and in its final decision. *See* R., tab 1; tab 45, pp. 1-3; tab 48.

While there is little Maine law on point, it is nevertheless clear that our law requires that a party who wishes to invoke action by a local BOA must adhere to the local appellate procedures, including time limits, in order to do so. *Wright v. Town of Kennebunkport*, 1998 ME 184, ¶¶ 4-6; 715 A.2d 162, 164-65. Thus in *Wright*, the Law Court reversed this court's judgment affirming the decision of Kennebunkport's BOA which had considered an aggrieved party's appeal even though she had failed to file her appeal within the 30 days prescribed by that town's land use ordinance. From this, one learns that not only must one adhere to local procedures in order to prosecute an appeal there, the failure to do so will not permit that appeal to be entertained here or in the Law Court.

The *Wright* decision is not only binding on this court, it is consistent with earlier precedent to the effect that a party aggrieved by the issuance of a building permit must

---

[1] Although Nusbaum timely appealed the BOA's decision to this court, she withdrew that appeal and her claims here were dismissed on July 21, 2004.

appeal to the local zoning board first before turning to this court. *Gagne v. Lewiston Crushed Stone Co., Inc.,* 367 A.2d 613, 618-19 (Me. 1976). *See also Brackett v. Town of Rangeley,* 2003 ME 109, ¶¶ 21-24, 831 A.2d 422, 428-429.

The plaintiffs offer several arguments why their failure to appeal to the BOA should not disqualify their appeal to this court. The first of these is that because the BOA was required to conduct a de novo hearing on Nusbaum's appeal, it was not a purely appellate matter and it could consider new material at its hearing including, presumably, claims by new parties, all of which can be considered by this court on appeal.

While it is true that the Phippsburg board conducted a de novo review of the merits of the propriety of the Stimson permit, it did so only in the manner authorized, namely an appeal from CEO action by "an aggrieved party" consistent with the procedures required by its ordinance. As noted, infra, this had to have been, and was, generated by the filing of a written notice of appeal, a hearing on its merits, and a decision addressed to the aggrieved party and her claims. Because the plaintiffs invoked none of these procedures, neither the board nor the permittee was aware of, or could have responded to, the plaintiffs' grievances which may have been unique to them or the location of their property. So, if the plaintiffs were now to be recognized as "aggrieved parties," SZO, secs. 16(G)(4), 16(G)(3)(a)(i), the court would, in essence, be considering the merits of an appeal which was never addressed by the BOA or contested by Stimson. Such would be contrary to an important principle of administrative appeal practice where the record and issues are developed locally but reviewed here via M.R. Civ. P. 80B and 30-A M.R.S.A. § 2691(3)(G). Thus, even though the case of Stimson's permit was reviewed on a de novo basis by the Phippsburg BOA, it did so based on the case presented to it, namely Nusbaum's properly assembled claim

that the CEO erred in issuing this permit. The plaintiffs, however, as noted infra, never told the BOA that they were aggrieved parties by filing the necessary notice of appeal or presenting themselves as such at the hearing. Accordingly, de novo matter or not, the plaintiffs never followed the procedural steps at the local level to appeal the issuance of Stimson's permit and cannot do so here. *Wright v. Town of Kennebunkport, id.*

The second argument advanced by the plaintiffs to save their appeal is that the defendant has waived any objection to their appeal by failing to object to their participation at the hearing before the BOA. However, as here observed, neither the BOA nor the Stimsons would have reason to know that the plaintiffs were parties before the BOA because they never filed an appeal there and never identified themselves as grievants before the board. Instead, a fair reading of the record would show that not only did Jermain have no role at the hearing, Steve Norris ("Norris"), apparently a partner in NFA, identified himself at the hearing as an abutter called as a witness by Nusbaum to support her appeal. R., tab 45, pp. 2, 15. In the latter capacity, he was examined by Nusbaum, and cross-examined by Stimson's attorney and board members. *Id.* pp. 15-17, 24, 29-31. While it is obvious that during these proceedings Norris was sympathetic to and supportive of Nusbaum's cause, this circumstance and the presence of his attorney would not, in the court's view, have alerted Stimson or the board that NFA, Norris' partnership, or Norris, was an aggrieved party who wished the board to address his complaint with the issuance of the permit. [2] That being so, it would be unjust to now find that Stimson waived any objection to Norris' role as a party at the board level when there was good reason to believe he did not then have that status.

---

[2] Another attorney representing a neighbor was at the hearing as were other owners of lots in the vicinity of the lot where Stimson wishes to build. *See, e.g.,* R., tab 45, pp. 23, 40, 48-49.

From all this, then, the court concludes that the case must be dismissed because the plaintiffs never appealed the issuance of the building permit to defendant Nancy Stimson Chester to Phippsburg's BOA and that "their" sole role before that board was as a witness. Accordingly, the court must find that it lacks subject matter jurisdiction and therefore may not consider this Rule 80B appeal. *Singal v. City of Bangor*, 440 A.2d 1048, 1050 (Me. 1982). Finally, the court concludes that the defendant has not waived any objection to the plaintiffs' participation in this appeal because they did not do so at the board hearing.

Because the case is to be dismissed on this basis, the other reason for favorable action cited in the motion to dismiss and the other two motions need not be addressed. Nevertheless, the court believes it would be prudent to briefly address the merits of these other claims in order to accommodate the parties' potential desire for appellate review. That is, if the plaintiffs appeal and are successful in overturning this court's decision as it relates to the dismissal of the complaint because they did not appeal Stimson's building permit's issuance to the BOA, it would be more efficient to have the Law Court review the remaining issues on their merits rather than postpone this endeavor via a remand. Thus, if the court has here erred, and NFA and Jermain could legally appeal the BOA decision affirming the issuance of the Stimson permit to this court, even though they had no appeal before that board, is their case nevertheless subject to dismissal, as the defendant claims, because these plaintiffs lacked standing before the board?

A well-founded principle in Maine law is that in order to appeal the decision of a board of appeals to this court, a party must have standing. *Sproul v. Town of Boothbay Harbor*, 2000 ME 30, ¶ 6, 746 A.2d 368, 371. To establish standing, the party "must (1) have appeared before the board of appeals; and (2) be able to demonstrate a

particularized injury as a result of the board's action." *Id.* (quoting *Rowe v. City of South Portland*, 1999 ME 81, ¶ 4, 730 A.2d 673, 674-75). "When the party appealing is an abutter, the party need only allege 'a potential for particularized injury' to satisfy the standing requirement." *Id.* (quoting *Pearson v. Town of Kennebunk*, 590 A.2d 535, 537 (Me. 1991)).

Does the record show that NFA or Philip Jermain meet these tests? The answer as to Jermain is clear. The court can find no reference in the record to his participation at the BOA hearing or any information there that he owns property which might be affected by the Stimson permit.[3] Accordingly, there is no basis on which to find that Philip Jermain established standing at the BOA hearing so that he may now appeal its decision. That being so, the motion to dismiss as to this "party" would have to be granted.

As to NFA's status in this case, if one were to infer from the record, and without reference to Stephen Norris' affidavit, that Stephen Norris is associated with the Norris Family Association, then standing would be established.[4] This is because the Law Court has permitted an entity to seek review on behalf of one of its members or an individual plaintiff to satisfy the standing requirement for a partnership. *See New England Herald Development Group. v. Town of Falmouth*, 521 A.2d 693, 695-96 (Me. 1987). So while neither Stephen Norris nor his family's attorney ever specifically identified NFA as a grievant, the case cited would permit the court to find that it may proceed

---

[3] With their opposition to the motion to dismiss, the plaintiffs filed an affidavit by Stephen Norris which identifies Philip Jermain as his cousin with whom he has a one-third interest in "other lots abutting the Stimson property." Affidavit of Stephen S. Norris, ¶ 4. Obviously, the court cannot consider this affidavit as a basis to establish Jermain's standing because standing must be established at the board level and not here. *Sproul v. Town of Boothbay Harbor, id.*

[4] The portions of the record which would lead one to believe that Stephen Norris is associated with the Norris Family Association are slim but include attorney Ferdinand telling the board he was there representing the Norris' (sic), evidently a family, R. Tab. 45, p. 2; and the representation by Nusbaum that Steve Norris' family owns lot 68 which abuts the Stimson land, *id*, p. 15.

here as a plaintiff because it appears from the record that Stephen Norris may be a part of that family association.

With that assumption, it appears that NFA, through Stephen Norris, "appeared" before the BOA. As has been outlined in the plaintiffs' memorandum, Norris offered testimony at the BOA hearing supportive of Nusbaum's appeal and, it may be inferred, in opposition to the Stimson building permit.[5] As such, the court concludes that Norris did "participate" at the Phippsburg BOA to offer information concerning the CEO's issuance of a building permit to Stimson.

As an abutter to Stimson's land, all Norris needed to show was a potential for particularized injury to his family's land.[6] "Because of the abutter's proximate location, a minor adverse consequence affecting the party's property, pecuniary or personal rights is all that is required for the abutting landowner to have standing." *Sproul v. Town of Boothbay Harbor, id.* at ¶ 7; 746 A.2d at 371. In the court's view, the record shows that Norris met this minimal requirement.

The record shows that Stimson's proposed house would be situated 32 feet from Norris lot 68 and its septic system would be less than 20 feet from its property line. R., tab 1. Given that Norris has claimed that situating a house where Stimson proposes is a wetland that is often flooded, it may be readily understood that an abutting property owner may be affected by the location of a house at such a site. Thus, if it is true that the water table at the Stimson property is high and that it experiences periodic flooding, then the construction of a house there may displace the water and move it elsewhere,

---

[5] While Stimson's reply memorandum quarrels with these representations, there are a number of instances at the hearing where Norris offers information on the issue before the board. *See, e.g.,* R., Tab 45, pp. 4, 15-17, 20, 30.

[6] R., Tab 38, is a site plan which shows two lots labeled "N/F Norris." One, lot 632, is across a "paper street" from Stimson's proposed building lot, the other, lot 68, is bordered on two of its four sides by the Stimson property. Thus, it appears clear that NFA or Norris is an abutter. *See also,* R., tab 1, tab 9.

such as on to a neighbor's lot. Similarly, an abutter such as Norris may be concerned that a septic system on such a lot close to his own may be flooded and cause its contents to migrate. *See* R., tab 45, pp. 4, 13, 15-20. This being the circumstances of this case as they may be gleaned from the record, the court believes that the plaintiffs, as abutters, have met the low threshold of showing the potential for particularized injury to their property by the issuance of the building permit to Stimson.

Accordingly, if the court were not dismissing the case on other grounds, it would dismiss the matter as to Jermain but not as to NFA for the reasons here stated.

The motion to amend must also be denied as moot. However, again, if the court erred in dismissing this case on jurisdictional grounds, it would deny the motion to amend in any case because a motion to amend is not favored as a means to join or substitute parties. *Cushing v. Cohen*, 420 A.2d 919, 927, n.7. Instead, M.R. Civ. P. 21 is preferred as the means to add or substitute a party; Rules 19 and 20 would also be vehicles which could be used for this purpose. *See* Field, McKusick & Wroth, *Maine Civil Practice*, § 21.2 (2nd ed. 1970).

Because Rule 21 allows the addition or removal of parties at any stage of the proceedings by motion or on the court's own initiative, it is obviously a remedy which is to be liberally applied. Accordingly, the court would permit the plaintiffs or the defendant to add Stephen Norris as an individual co-plaintiff. The holding in the case of *New England Herald Development Group v. Town of Falmouth, id.* would be consistent with this result as it would allow an individual to be substituted for a partnership in a case such as this or vice versa. It would be unfair to the defendant, however, to permit the addition of other plaintiffs such as Jermain. This is because other individuals such as Jermain had their opportunity to establish standing at the board hearing but failed to do so. Were they permitted to join this action now, the defendant would be called upon

to file new motions to dismiss to challenge their standing. With Norris himself or NFA, that standing has been established and the addition or substitution of one party for the other would not prejudice the defendant. Thus, as noted if it be error to dismiss this case, the court would permit the plaintiffs to add or substitute Stephen Norris as a party via M.R. Civ. P. 21, but would deny the motion to amend as the vehicle to accomplish this.

With respect to the motion to determine record on appeal,[7] this motion, too, must be denied as moot as the complaint will be dismissed. However, if this were not the result, the court would grant this motion.

The plaintiffs' request by this motion is to add to the record various submissions sent to the board after it sustained the CEO's issuance of the building permit. These submissions were apparently forwarded to the board in an effort by the plaintiffs to have it reconsider its action. The board never responded to the plaintiffs' request for reconsideration but the court understands that the submissions in question were received by the town.

Among the plaintiffs' grievances expressed in their complaint is the claim that the BOA "failed to take action on the request for reconsideration." Complaint, p. 3, ¶ e. Arguably, one manner of demonstrating that it was an abuse of discretion to refuse to act on the request for reconsideration is to show what evidence there was to support the request. Because this "evidence" is not in the record and its propriety for review is in dispute, M.R. Civ. P. 80B(e) may be relied upon to ask the court for an expansion of the record. Thus, contrary to the town's position in this debate, a request for trial of the facts was not necessary, and the plaintiffs' motion can serve as an appropriate vehicle to add to the record in order to support the claim that the BOA abused its discretion by

---

[7] This is the only motion which the defendant town actively opposed.

declining to respond to a request for reconsideration. Accordingly, the court would have granted this motion and the material referenced in the motion would have been added to the record.

For the reasons cited herein, the clerk is DIRECTED to make the following entries:

The Motion to Dismiss is GRANTED on the grounds that the court lacks subject matter jurisdiction. The Motion to Dismiss is GRANTED as to Plaintiff Philip Jermain. The Motion to Amend is DENIED as moot. The Motion to Determine Record on Appeal is DENIED as moot.

So ordered.

Dated: December___3___, 2004

John R. Atwood
Justice, Superior Court