<u>Bayview Loan Servicing LLC v. First Step Land Development Inc.</u>, RE-08-103 (Superior Ct. Cumberland)

ORIGINAL FILED
CLERK'S OFFICE

Before the court is plaintiff Bayview Loan Servicing LLC's motion for summary judgment. Oppositions have been filed by defendant Cole Farms Homeowners Association and by defendants John and Virginia Gooch.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., <u>Johnson v. McNeil</u>, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. <u>Id</u>. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. <u>Rodrigue v. Rodrigue</u>, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

Initially, both defendants argue that Bayview does not have standing to challenge the declaration of rights, restrictions, and covenants for the Cole Farms subdivision because Bayview is not a lot owner. The court is inclined to the view, however, that as a party seeking to foreclose a mortgage on Lot No. 8, Bayview has a sufficiently particularized injury to have standing. <u>See</u>, <u>e.g.</u>, <u>Tomhegan Camps Owners Assn v. Murphy</u>, 2000 ME 28 ¶6, 754 A.2d 334, 336 (standing exists when a case affects a party's property or pecuniary rights).

The first issue on which Bayview is seeking summary judgment is its contention that §3.12 of the declaration does not require the owner of Lot 8 to remove an existing residence on the property. On this issue defendant Cole Farms Homeowners Association is in agreement with Bayview but defendants John and Virginia Gooch disagree.

Summary judgment is denied on this issue. At best, the declaration is ambiguous and additional facts not contained in Bayview's SMF would be required to resolve this issue. Bayview's alternative contention – that if §3.12 does require the removal of the existing residence, the covenant is disproportionately burdensome or unreasonable – also raises factual issues that cannot be resolved on this record.

The second issue raised by Bayview is its contention that §7.1 of the Declaration does not run with the land. On this issue the court grants summary judgment against Bayview. <u>See</u> M.R.Civ.P. 56(c) (last sentence). Ordinarily the issue of whether a restrictive covenant is intended to benefit adjoining lots is resolved by interpretation of the written instrument. <u>Friedlander v. Hiram Ricker & Sons Inc.</u>, 485 A.2d 965, 967 (Me. 1984). In this case the Declaration expressly states that it "shall run with the subdivision and each of the Lots and inure to the benefit of and be binding upon the Declarant, its successors and assigns, and the owners and/or purchasers of said Lots . . . "

The final issue raised by Bayview is its contention that §7.2 does not create an enforceable obligation. On this issue the court also grants summary judgment against Bayview. Section 7.2 has not been waived because that provision is not intended to take effect until renovations are completed. Section 7.2 cannot be complied with at this time because a number of the necessary preconditions have not occurred but it is a potentially binding obligation on the present and future owners of Lot 8.

The entry shall be:

Plaintiff's motion for summary judgment is denied. Summary judgment is granted against plaintiff on counts 2 and 3 of the complaint. Accordingly, a declaratory judgment is issued that §7.1 of the Declaration of covenants of the Cole Farms subdivision runs with the land and is binding on present and future lot owners of Lot 8 and that ¶7.2 also creates a potentially binding future obligation on the present and future owners of Lot 8.

The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: July _16_, 2009

_____
Thomas D. Warren
Justice, Superior Court

2

BAYVIEW LOAN SERVICING, LLC VS FIRST STEP LAND DEVELOPMENT, INC.
UTN:AOCSsr  -2008-0044497                    CASE #:PORSC-RE-2008-00103
------------------------------------------------------------------------
SEL VD                                REPRESENTATION TYPE      DATE
03 0000003895 ATTORNEY:NORTON, TIMOTHY
ADDR:53 EXCHANGE ST PO BOX 597 PORTLAND ME 04112-0597
     F FOR:VIRGINIA B GOOCH                    DEF        RTND   05/22/2008


04 0000009363 ATTORNEY:RACHIN, LEAH B
ADDR:62 PORTLAND RD, KENNEBUNK ME 04043
     F FOR:JAMES R VOGEL                       DEF        RTND   10/24/2008
     F FOR:TERRI T VOGEL                       DEF        RTND   10/24/2008




          Enter Option: A=Add, B+Sel=Browse, M=More, R+Sel=RltnEdit:

Select the EXIT KEY for page selection line.

BAYVIEW LOAN SERVICING, LLC VS FIRST STEP LAND DEVELOPMENT, INC.
UTN:AOCSsr  -2008-0044497                        CASE #:PORSC-RE-2008-00103
----------------------------------------------------------------------------
SEL VD                                  REPRESENTATION TYPE      DATE
01 0000002382 ATTORNEY:AUDIFFRED, JAMES
ADDR:374 MAIN STREET PO BOX 1005 SACO ME 04072
     F FOR:BAYVIEW LOAN SERVICING, LLC         PL          RTND  04/28/2008


02 0000002588 ATTORNEY:JONES, JEFFREY WAYNE
ADDR:243 US ROUTE ONE SCARBOROUGH ME 04074
     F FOR:COLE FARM HOMEOWNERS ASSOCIATION    DEF         RTND  05/15/2008


03 0000003895 ATTORNEY:NORTON, TIMOTHY
ADDR:53 EXCHANGE ST PO BOX 597 PORTLAND ME 04112-0597
     F FOR:JOHN H GOOCH                         DEF         RTND  05/22/2008



                         *More Attorneys*
           Enter Option: A=Add, B+Sel=Browse, M=More, R+Sel=RltnEdit:M

Select the EXIT KEY for page selection line.