2002 ME 58

**John LOWRY**

v.

**KTI SPECIALTY WASTE SERVICES, INC. et al.**

**Docket**

Supreme Judicial Court of Maine.

Submitted on Briefs: March 26, 2002.
Decided: April 9, 2002.

Harry B. Center II, Smith Elliott Smith & Garmey, P.A., Saco, for plaintiff.

Ella L. Brown, Jared DesRosiers, Pierce Atwood, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

RUDMAN, J.

[¶ 1] John Lowry appeals from the judgment entered in the Superior Court (York County, *Fritzsche, J.*) dismissing with prejudice his breach of contract, tortious interference with contract, constructive discharge, and defamation claims as barred by judicial estoppel. Lowry argues that judicial estoppel is an extreme remedy in this case, and that he should be allowed to pursue these claims, once they are abandoned by a bankruptcy trustee. Lowry lacked standing to bring these claims. We dismiss.

## I. CASE HISTORY

[¶ 2] After he was confronted with allegations of sexual harassment by co-workers, Lowry tendered his written resignation to his supervisor at KTI Specialty Waste Services, Inc. The next day Lowry sought to rescind his letter, after he had consulted his attorney. KTI declined to take him back.

[¶ 3] Lowry filed a bankruptcy petition six months after he left KTI. He did not list any claim against KTI on his schedule of assets attached to his bankruptcy petition. He was adjudged a bankrupt and the United States Bankruptcy Court discharged Lowry's debts. Lowry then brought suit against KTI, alleging, *inter alia,* breach of contract, wrongful discharge, and defamation.

## II. DISCUSSION

[¶ 4] We review the issue of a party's status for standing to sue de novo. *Bissias v. Koulovatos,* 2000 ME 189, ¶ 6, 761 A.2d 47, 49.

[¶ 5] The Bankruptcy Code requires that a petitioning debtor list all of his assets and liabilities on a schedule of assets and liabilities, including any causes of action. 11 U.S.C. § 521 (1994). The bankruptcy trustee has discretion to abandon property, including claims. *Id.* at § 554(a) & (b). An asset that is not on the bankruptcy petition's schedule of assets remains the property of the bankruptcy estate, and has not been abandoned by the trustee. *Id.* at § 554(d).

[¶ 6] We recently held that a party lacked standing to bring suit on a claim that arose prior to a bankruptcy filing but was not included on the asset schedule, because that claim remained property of the bankruptcy estate and was held by the bankruptcy trustee. *Bureau v. Gendron,* 2001 ME 157, ¶ 12, 783 A.2d 643, 646. We recognized that "if an asset is not included on the schedule, the asset remains the property of the estate and does not revert

back to the debtor at the close of the bankruptcy case." *Id.* ¶ 11. We affirmed the trial court's grant of a summary judgment on the ground that the plaintiff lacked the standing to bring the claim.

[¶ 7] As in *Bureau,* Lowry's potential claims remain part of the bankruptcy estate. Lowry has not reopened his bankruptcy case and amended his statement of assets.[1] Should the Bankruptcy Court permit him to do so, these assets would remain the property of his bankruptcy estate for the trustee to pursue against KTI or abandon to Lowry. For this reason, Lowry presently lacks standing to bring these claims against KTI.[2]

The entry is:

Case dismissed.

---

1. Upon a showing of good cause, Lowry can reopen his bankruptcy case under 11 U.S.C. § 350(b).

2. Because we conclude that Lowry lacks standing, we do not address the separate issue of judicial estoppel.