2005 ME 102

**NORRIS FAMILY ASSOCIATES, LLC et al.**

v.

**TOWN OF PHIPPSBURG et al.**

Supreme Judicial Court of Maine.

Submitted On Briefs: June 2, 2005.

Decided: Aug. 25, 2005.

Judith A.S. Metcalf, Esq., Eaton & Peabody, Brunswick, for plaintiff.

Christopher Neagle, Esq., Troubh Heisler Piampiano, Portland, Richard L. Hornbeck, Esq., Moncure & Barnicle, Brunswick, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, and LEVY, JJ.*

LEVY, J.

[¶ 1] Norris Family Associates, LLC (hereinafter NFA) and Philip Jermain appeal from an order of the Superior Court (Sagadahoc County, *Atwood, J.*) dismissing their M.R. Civ. P. 80B appeal from a decision of the Town of Phippsburg Board of Appeals. The court concluded that it lacked subject matter jurisdiction to hear the appeal in part because NFA and Jermain were not the named appellants in the underlying administrative appeal before the Board. Nancy Stimson Chester[1] (Stimson) cross-appeals, arguing that even if the Superior Court has subject matter jurisdiction, neither NFA nor Jermain have standing to appeal to the Superior Court. Because we conclude that the Superior Court has subject matter jurisdic-

---

* Justice Paul L. Rudman sat at oral argument and participated in the initial conference, but retired before this opinion was certified.

1. The defendants named in this case are Nancy Stimson Chester and the Town of Phippsburg. Only Stimson submitted a brief to this Court.

tion and NFA and Jermain have standing to appeal, we vacate the judgment and remand for the court to consider the merits of their appeal.[2]

## I. BACKGROUND

[¶ 2] In December 2003, Stimson applied to the Town of Phippsburg's code enforcement officer (CEO) for a permit to build a home on property she owns between Silver Lake and Popham Beach in Phippsburg. The CEO granted the permit. Suzanne Nusbaum, the owner of nearby property, filed an appeal with the Phippsburg Board of Appeals within thirty days of the CEO's decision as required by the Town's Land Use and Shoreland Zoning Ordinances. Her application to the Board listed the owners of abutting lots, including several lots in which Stephen Norris, Charles Norris, Richard Norris, and Philip Jermain have ownership interests along with other individuals. The application indicates that Tax Map 14, lot 56—referred to in Stimson's site plan as "n/f Norris"—is owned by Philip Jermain, Roderick Jermain, Mary Elena Rogers, Charles Norris, Stephen Norris, and Richard Norris. The application also states that Stephen Norris, Charles Norris, Richard Norris, and Philip Jermain together own three other lots that abut the Stimson property. In an affidavit filed with the Superior Court, Stephen Norris described NFA as being a Maine limited liability company to which he and his brothers, Charles and Richard, have transferred their ownership interests.

[¶ 3] Stephen Norris appeared at the hearing before the Board and testified in support of Nusbaum's appeal. Attorney William Ferdinand also appeared before the Board and stated that he represented the Norrises. Ferdinand was present and argued before the Board on both days of the two-day hearing. Philip Jermain did not appear before the Board, but Ferdinand's law firm's address is listed in the application as the mailing address for all of the owners of Tax Map 14, lot 56, including Jermain. After its hearing, the Board denied Nusbaum's appeal, and it did not respond to NFA and Jermain's subsequent request for reconsideration.

[¶ 4] Pursuant to M.R. Civ. P. 80B, Nusbaum, Jermain, and NFA filed a complaint in the Superior Court appealing the Board's decision. Later, on her own motion, Nusbaum sought and obtained permission to withdraw as a party. Stimson subsequently filed a motion to dismiss the claims of the remaining plaintiffs—NFA and Jermain—for lack of standing.

[¶ 5] Because neither NFA nor Jermain actually filed the appeal of the CEO's decision with the Board, the court found that it lacked subject matter jurisdiction and dismissed the appeal. The Superior Court based its jurisdiction decision on the appeals provisions in Phippsburg's Shoreland Zoning Ordinance.[3] The ordinance provides that "[a]n ... appeal may be taken to the Board of Appeals by an aggrieved party from any decision of the Code Enforcement Officer or the Planning

---

2. Relying on our decision in *Gensheimer v. Town of Phippsburg*, 2005 ME 22, 868 A.2d 161, Stimson contends that only the code enforcement officer's decision, and not the Board's, is reviewable by the Superior Court. We do not address this issue because our review is limited to the questions of jurisdiction and standing.

3. Stimson contends that the parties and the Superior Court erred in applying the appeal

provisions in the Shoreland Zoning Ordinance rather than those in the Board of Appeals Ordinance. Because we conclude that NFA and Jermain have standing to bring their 80B appeal and because Nusbaum properly appealed the CEO's decision to the Board, the question of whether the Shoreland Zoning Ordinance or the Board of Appeals Ordinance applies is of no consequence to our decision.

Board.... Such appeal shall be made by filing with the Board of Appeals a written notice of appeal." Phippsburg, Me., Shoreland Zoning Ordinance § 16(G)(3) (June 5, 1993). The ordinance also provides that "[a]ny aggrieved party who participated as a party during the proceedings before the Board of Appeals may take an appeal to Superior Court in accordance with State laws." *Id.* § 16(G)(4). The court noted that "not only must one adhere to local procedures in order to prosecute an appeal [before a local board], the failure to do so will not permit that appeal to be entertained [in the Superior Court] or in the Law Court." Because neither NFA nor Jermain appealed the CEO's decision to the Board, the court concluded that it lacked subject matter jurisdiction and dismissed the appeal.

[¶ 6] Although the court granted Stimson's motion to dismiss on jurisdiction grounds, it went on to address her remaining arguments for dismissal. The court found that even if it did have jurisdiction to hear the appeal, only NFA, and not Jermain, would have standing because Stephen Norris appeared before the Board on behalf of NFA and Jermain did not appear at all. NFA and Jermain appeal from the court's judgment asserting that the court erred in concluding that it lacked subject matter jurisdiction and that if it had subject matter jurisdiction, only NFA would have had standing to appeal. Stimson cross-appeals asserting that the court erred in concluding that NFA would have had standing.

## II. DISCUSSION

[¶ 7] NFA and Jermain contend that the Superior Court erred in concluding that (A) it does not have subject matter jurisdiction to hear their Rule 80B appeal, and

(B) that even if it has subject matter jurisdiction, Jermain lacks standing to appeal. Stimson contends that the court erred in concluding that if it has subject matter jurisdiction, NFA has standing to appeal. We address both issues, in turn.

### A. Subject Matter Jurisdiction

[¶ 8] The court concluded that it did not have subject matter jurisdiction in this case because NFA and Jermain had failed to file an administrative appeal from the decision of the CEO to the Zoning Board of Appeals as required by the ordinance. Whether subject matter jurisdiction exists is a question of law that we review de novo. *State v. Dhuy*, 2003 ME 75, ¶ 8, 825 A.2d 336, 341.

[¶ 9] Jurisdiction to hear administrative appeals brought pursuant to Rule 80B rests in the Superior Court. 4 M.R.S.A. § 105(3)(A) (Supp.2004).[4] With respect to appeals taken from the decisions of municipal boards of appeals "[a]ny party may take an appeal ... to Superior Court from any order, relief or denial in accordance with ... Rule 80B." 30–A M.R.S.A. § 2691(3)(G) (1996). Thus, the Superior Court's subject matter jurisdiction to conduct appellate review pursuant to Rule 80B is firmly established in statute. Although a town's ordinances may define the authority of the town's various officials and boards, *see* 30–A M.R.S.A. § 2691(4), they do not delimit the Superior Court's jurisdiction over 80B appeals.

[¶ 10] Accordingly, NFA and Jermain's right to obtain judicial review of the final decision of the Phippsburg Board of Appeals is prescribed exclusively by statute, and that right cannot be restricted by additional requirements of the Phippsburg

4. Title 4 M.R.S.A. § 105(3) has been recently amended. *See* P.L.2005, ch. 48, § 1 (effective Sept. 17, 2005).

ordinance. *See Singal v. City of Bangor*, 440 A.2d 1048, 1050 (Me.1982) (stating that "[r]ights of appeal from decisions of administrative tribunals are statutory"). Because the Superior Court's subject matter jurisdiction in this proceeding is not impaired by the provisions of the Phippsburg ordinance, we also address the separate question of NFA and Jermain's standing to appeal.

## B. Standing

[¶ 11] It is well established that in order to have standing to file an 80B appeal in the Superior Court, the appellant must prove (1) that it was a party at the administrative proceeding, and (2) that it suffered a particularized injury as a result of the agency's decision. *Lewis v. Town of Rockport*, 2005 ME 44, ¶ 8, 870 A.2d 107, 110. We review the issue of a party's standing to bring a Rule 80B appeal de novo. *See Lowry v. KTI Specialty Waste Servs., Inc.*, 2002 ME 58, ¶ 4, 794 A.2d 80, 81.

[¶ 12] The court analyzed NFA and Jermain's standing to appeal as an issue separate from its subject matter jurisdiction to entertain the appeal. Although the parties have not questioned this approach, it is inconsistent with our prior decision in *Singal* in which we treated a party's standing to appeal an administrative decision as being an element of the court's subject matter jurisdiction. *See Singal*, 440 A.2d at 1050. We recognize today, however, as did the court, that the two issues are separate.

[¶ 13] The Superior Court's subject matter jurisdiction in Rule 80B proceedings is a function of statute and is, therefore, a question of law. Standing to appeal is a separate jurisprudential principle that focuses on the capacity of a party to bring an appeal. A party's standing to bring a Rule 80B appeal is a function of whether the party participated in the administrative process and whether the party will suffer a particularized injury, and is, therefore, a mixed question of law and fact. *See Lewis*, 2005 ME 44, ¶ 8, 870 A.2d at 110. Because subject matter jurisdiction and standing to appeal are separate issues, they should be analyzed as such. We therefore overrule the contrary approach taken in *Singal*.

[¶ 14] NFA and Jermain argue that they both have standing to appeal to the Superior Court based on the facts that Stephen Norris testified and presented argument before the Board; Attorney Ferdinand appeared before the Board and stated that he was representing the Norrises—a collective name they contend includes all of the owners of Tax Map 14, lot 56, described in Stimson's site plan as "n/f Norris"; and Ferdinand's law firm is listed as the mailing address on Nusbaum's application to the Board for all the various owners of Tax Map 14, lot 56.

[¶ 15] Stimson argues that Jermain does not have standing because he was not a party and did not personally appear before the Board, and because Ferdinand stated that he represented the Norrises, not Jermain. Stimson also contends that NFA does not have standing to appeal because "no one identified themselves as its agent at the Board hearings," and, although Ferdinand stated that he represented the Norrises, he did not state that he represented NFA.

### 1. Party Status

[¶ 16] In order to file an 80B appeal, NFA and Jermain must have been parties to the administrative appeal before the Board. For purposes of an 80B appeal, we have interpreted the term *party* broadly so as to mean "any participant in the proceedings who is aggrieved by the action or inaction of the zoning board of appeals." *Singal*, 440 A.2d at 1050. We have refused to define party in the 80B

setting "as a legal term of art, as the term is used in ... M.R. Civ. P. [17–25 because] proceedings before a Board of Appeals are far less formal than a judiciary proceeding." *New England Herald Dev. Group v. Town of Falmouth,* 521 A.2d 693, 695–96 n. 4 (Me.1987). " 'Participation' may be formal or informal, in person or through an attorney," *id.* at 696, and it does not demand that the party have initiated the municipal proceeding for which appellate review is sought.

[¶ 17] Both NFA and Jermain qualify as parties for purposes of Rule 80B. Even though they did not initiate the administrative appeal to the Board, they appeared before it through Ferdinand, and also, in NFA's case, through Stephen Norris. *See, e.g., id.* at 694–96 (noting that participation before a local board can be through an attorney and concluding that a partnership had standing to bring an 80B appeal when a single member of its parent company appeared before the Board on behalf of the parent company). Nusbaum's Board of Appeals application indicates that the Norrises, Jermain, and others own Tax Map 14, lot 56, and it lists Ferdinand's law firm as the mailing address where notice of a hearing is to be sent for all of the lot's owners. The site plan submitted by Stimson describes Tax Map 14, lot 56 as the "Norris" lot. Although the parties' participation would have been more certain had Ferdinand

specifically stated that he was appearing on behalf of all of the owners of the Norris lot, it can fairly be inferred that he appeared on behalf of all of the owners, in light of his statement to the Board that he was representing the "Norrises," and the fact that his law firm was listed as the address for all of the lot's owners.[5]

[¶ 18] Because Stephen Norris's and Attorney Ferdinand's appearances were sufficient to put Stimson and the Board on notice that they represented the interests of all of the owners of the Norris lot as shown on the site plan submitted by Stimson, NFA and Jermain have party status for purposes of an 80B appeal.

2. Particularized Injury

[¶ 19] Under the second prong of the two-part standing test, NFA and Jermain correctly assert that as abutters, they need only show the location of their property " 'together with a relatively minor adverse consequence.' " *Rowe v. City of S. Portland,* 1999 ME 81, ¶ 4, 730 A.2d 673, 674 (quoting *Forester v. City of Westbrook,* 604 A.2d 31, 32 (Me.1992)). The particularized injury requirement is a low hurdle for an abutter: "An abutting landowner has a particularized injury if there is a conceivable injury." *Lewis,* 2005 ME 44, ¶ 8, 870 A.2d at 110.

[¶ 20] The record establishes that it is conceivable that Stimson's proposed

5. NFA's ownership of the interests previously owned by the Norris brothers is established in Stephen Norris's affidavit. The affidavit indicates that Stephen and his two brothers transferred to NFA their interests in lots abutting Stimson's property and that Stephen appeared before the Board to represent his family's interests, including those of NFA. A copy of the Stimson plan attached to the affidavit indicates that NFA owns part of the Norris lot that abuts Stimson's property. The Superior Court did not consider the affidavit in its analysis of subject matter jurisdiction. In considering a motion to dismiss for lack of

subject matter jurisdiction, however, " 'any material outside the pleadings submitted by the pleader and the movant,' " should be considered by the court. *Davric Maine Corp. v. Bangor Historic Track, Inc.,* 2000 ME 102, ¶ 6, 751 A.2d 1024, 1028 (quoting *Hodgdon v. United States,* 919 F.Supp. 37, 38 (D.Me. 1996)); *see also York v. Town of Ogunquit,* 2001 ME 53, ¶¶ 5, 8, 769 A.2d 172, 175 (relying on documents not considered by the trial court in reviewing a party's standing to file an 80B appeal). Stephen Norris's affidavit and the documents attached to it support the conclusion that NFA owns part of the Norris lot.

construction may displace water and redirect it onto abutting properties, including Tax Map 14, lot 56. Therefore, NFA and Jermain have demonstrated a particularized injury as a result of the Board's action.

## III. CONCLUSION

[¶ 21] The Superior Court's jurisdiction to entertain an 80B appeal is strictly a function of statute, and is not subject to requirements contained in the Phippsburg Shoreland Zoning Ordinance regarding party status. The fact that NFA and Jermain did not file the appeal petition that initiated the Board's review of the CEO's decision to grant Stimson a building permit does not deprive the Superior Court of its subject matter jurisdiction. In addition, because NFA and Jermain participated before the Board of Appeals and have demonstrated that they may suffer a particularized injury as a result of the Board's action, they have standing to pursue this appeal.

The entry is:

The judgment is vacated and remanded to the Superior Court for further proceedings consistent with this opinion.