STATE OF MAINE                          SUPERIOR COURT
HANCOCK, ss.                            DOCKET AP-09-07
                                        *MC - HAN- 12/22/2010*


THE WITHAM FAMILY LIMITED PARTNERSHIP

          Plaintiff,

    v.

                                        RECEIVED & FILED

TOWN OF BAR HARBOR,                      DEC 22 2010

          Defendant,                     HANCOCK COUNTY
    and                                      COURTS

NORTH SOUTH CORPORATION,

          Defendant.



DECISION

MOTION TO DISMISS

     Defendant North South has filed a Motion to Dismiss
this 80B complaint Pursuant to Rile 12(b)(1), lack of
subject matter jurisdiction.  The preliminary question is
whether the Plaintiff had standing to bring this 80B
appeal.  That question is answered by determining both
whether the Plaintiff participated in the administrative
process in question and whether the Plaintiff will suffer a
particularized injury. *Norris Family v. Town of Phippsburg*,
2005 ME 102, ¶¶ 11-13, 879 A.2d 1007, 1012.

Count 1 of 80B Complaint

     This count involves allegations of errors on the part
of the Bar Harbor Board of Appeals in granting the appeal
of Defendant North South Corp. from the decision of the Bar
Harbor Planning Board. There is no dispute between the
parties, and the record shows, that the Bar Harbor Planning
Board previously denied North South's application for

1

authority to develop what has been identified as the West Street Hotel.

The record as submitted confirms that Plaintiff, individually and through its attorney, were parties before the Planning Board. (*See* Planning Board Minutes of June 17, 2009 at 3.) That confirms the first element of standing with respect to Plaintiff's participation during the Planning Board administrative process, but it is the administrative process before the Board of Appeals that is being contested along with its decision granting the North South appeal and over turning the Planning Board.

The partial transcripts of the Board of Appeals Meetings of April 13 and April 22, 2010, (filed as attachments to North South's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss) confirm that neither the Plaintiff nor its counsel participated in those meetings as parties in the administrative process other than as members of the public. The partial transcripts confirm that the Plaintiff, through counsel, was specifically invited to participate in the administrative process as a party opponent before the Board of Appeals and declined to do so. The materials filed with and in opposition to the Motion to Dismiss confirm that the above hearing dates involved the North South appeal of the Planning Board denying North South's development application. (*See* Binder B, Tab 2 at 2.)

This matter involving the Witham Family Limited Partnership is not a case like *Pride's Corner, Etc. v. Westbrook Bd., Etc.*, 398 A.2d 415, 417 (Me. 1979)[1], where one of the parties who initially petitioned the Board of Zoning Appeals and thereafter petitioned that Board for reconsideration was found not to have standing. The status and standing of Mr. Swan as a participant was less then clear in *Pride's Corner*.

In this case, unlike *Pride's Corner*, Plaintiff explicitly elected not to participate in the appeal of the Planning Board decision (i.e. administrative process) by North South to the Board of Appeals. Accordingly Plaintiff lacks standing to contest the decision of the Bar Harbor Board of Appeals that ultimately reversed the Planning Board's decision, which had initially denied the North

---

[1]    See also *Lewis v. Town of Rockport*, 2005 ME 44, ¶¶8-10, 870 A.2d 107, 110.

South application.  The Motion to Dismiss is granted as to Count 1 of this 80B complaint.

Count 2 of 80B Complaint

Although Defendant North South argues that Plaintiff did not participate before the Bar Harbor Planning Board, the record as submitted confirms that position to be inaccurate. (*See, e.g.*, Binder E, Tab 6 at 3; Tab 7 at 3.)

The question is whether by appealing a decision in favor of the Plaintiff, that is, a decision that denies approval of a development application by the Planning Board, the Plaintiff has demonstrated suffering a particularized injury?

In terms of a particularized injury, that standard is low and an abutter, as Plaintiff is understood from the submissions to be, need only show a minor adverse consequence such as parking impact. *See Norris Family Assoc.*, 2005 ME 102, ¶ 19, 879 A.2d at 1013 ("An abutting landowner has a particularized injury if there is a conceivable injury.") (citation omitted). Plaintiff appealed the Board of Appeals decision denying the North South application, not because it was dissatisfied with the denial of the application by North South, but because Plaintiff was dissatisfied with the Planning Board's reasons in the decision, which approved most of North South's arguments other than the building height requirement.  That is, Plaintiff argued that there should have been more reasons for denying North South's application other than the height requirement.  Plaintiff's dissatisfaction with the reasons set forth in the Planning Board's decision denying North South's application do not constitute particularized need. *Brooks v. Town of North Berwick*, 1998 ME 146, ¶ 10, 712 A.2d 1050, 1053.  The decision of the Board of Appeals opining on the adequacy of the Planning Board's decision with regard to grounds on which it did not rely to deny North South's application — is a nullity. (Binder B, Tab 3.) The Motion to Dismiss Count 2 of the 80B Complaint is granted.

Plaintiff lacks standing to proceed on either Count 1 or Count 2 of its Rule 80B Complaint.

The entry is:

3

1. The Defendant North South Corp.'s Motion to Dismiss Plaintiff's M.R. Civ. P. 80B Complaint, Counts 1 and 2, is GRANTED.

2. All other motions which are pending, including the Motions to expand the record or for trial of the facts are dismissed as moot.

December 22, 2010

_____
Kevin M. Cuddy
Justice, Superior Court

TRUE COPY.
Attest _____
Clerk of Courts

4

Date Filed 6/2/2010      HANCOCK      Docket No. AP-2010-007
County

Action  RULE 80B APPEAL


SPECIALLY ASSIGNED TO JUSTICE KEVIN M. CUDDY


|  | TOWN OF BAR HARBOR |
|  | NORTH SOUTH CORPORATION, SUB NOMINE |
| THE WITHAM FAMILY LIMITED PARTNERSHIP vs. | North South Construction, LLC |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| ~~Edmond J. Bearor, Esq~~ w/d 12/10/2010<br>John K. Hamer, Esq<br>84 Harlow Street<br>P O BOX 1401<br>BANGOR ME 04402-1401 | Lee K. Bragg, Esq for Town of Bar Harbor<br>146 Capitol Street<br>P O BOX 5057<br>AUGUSTA ME 04330 |
| John C. Bannon, Esq. entered 12/9/2010<br>P O BOX 9785<br>Portland ME 04104-9785 | William Devoe, Esq<br>P. Andrew Hamilton, Esq<br>for North-South Corp.<br>Eaton & Peabody<br>P O BOX 1210, Bangor ME 04402-1210 |

| Date of Entry | |
|---|---|
| 6/2/2010 | Complaint for Review of Government Action Pursuant to M.R. Civ. P. 80B Filed. |
| 6/3/2010 | Notice and Briefing Schedule Issued. Copy forwarded to Plaintiff's Attorney |
| 6/9/2010 | Acceptance of Service by Lee Bragg, Esq for Defendant, Town of Bar Harbor (s.d. 6/4/2010) |