STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-12-60

MAYNARD MURPHY, et al,

Plaintiffs

v.

ORDER

MARSHALL GOLDMAN, et al,

Defendants

STATE OF MAINE
Cumberland, ss, Clerk's Office

MAY 10 2013

RECEIVED

Before the court is an appeal by Maynard and Deborah Murphy from a decision of the Cape Elizabeth Zoning Board of Appeals (ZBA) upholding the issuance of a building permit issued to Marshall Goldman and Pilot Point LLC for the construction of an accessory structure consisting of ornamental outdoor granite steps on property owned by Pilot Point LLC at 27 Pilot Point Road in Cape Elizabeth.[1] The Goldman property faces the ocean, and a paper street runs along the seaward boundary of the Goldman property.

Four issues are presented on this appeal. The first is whether the ZBA should have conducted a de novo review of the issuance of the permit. The second is whether the Murphys have standing to contest the issuance of the permit. The third issue involves the determination of the "normal high water line" of the ocean in front of the

---

[1] The record indicates that Marshall Goldman owns Pilot Point LLC, which is the record owner of the property at 27 Pilot Point Road where Goldman resides.

In addition to the Town of Cape Elizabeth, Goldman, and Pilot Point LLC, the Cape Elizabeth Zoning Board of Appeals and the Cape Elizabeth Code Enforcement Officer have been named as defendants in this action. The court agrees with the Town that the ZBA and the Code Enforcement officer are not proper parties to this action.

Goldman property.[2] The fourth issue is whether, for purposes of applying the limit on impervious surfaces within the Shoreland Zoning District, all or only a portion of Goldman's property falls within the Shoreland Zoning District.

De Novo Review

In Stewart v. Town of Sedgwick, 2000 ME 157 ¶¶ 6-7, 757 A.2d 773, the Law Court interpreted 30-A M.R.S. § 2691(3)(D) as requiring municipal boards of appeals to conduct de novo hearings unless there is a municipal ordinance which expressly directs otherwise. None of the parties have directed the court to any Cape Elizabeth ordinance in this case that would limit the ZBA to a purely appellate role. Accordingly, the ZBA was required to conduct a de novo hearing in this case.

It is apparent from the proceedings below that the ZBA did not conduct a de novo review. Nothing else explains how a 4-3 majority of the ZBA could have voted both that "the issuance of the permit was clearly contrary to the Ordinance" (R. Tab 1A at 2) and that the issuance of the permit was nevertheless supported by substantial evidence. Id. These contradictory findings can only be resolved if the ZBA was disagreeing with the issuance of the permit but nevertheless upholding it under a substantial evidence standard of review. Indeed, the ZBA's recitation of the substantial evidence standard is alone sufficient to demonstrate that the ZBA was not conducting a de novo hearing.

---

[2] "Normal high water line" is defined by the Zoning Ordinance as "that line on the shore of tidal waters which is the apparent extreme limit of the effect of the tides, i.e., the top of the bank, cliff or beach above high tide." Ordinance § 19-1-3. Under the shoreland ordinance, the minimum setback for any new accessory structure is 75 feet from the "normal high-water line." Ordinance § 19-6-11(E). The Murphys contend that if the normal high water line had been correctly determined, the ornamental steps proposed by Goldman would violate the setback requirement.

2

The November 8, 2012 decision of the ZBA must therefore be vacated and the case remanded for a de novo hearing on the Murphy's appeal. Consistent with Stewart v. Town of Sedgwick, 2000 ME 157 ¶ 7, that means that the ZBA must look at the substantive issues afresh, must undertake its own credibility determinations, must evaluate the evidence presented, and must draw its own conclusions independent of the decision made by the Code Enforcement Officer.

Issues on Remand

In light of the remand, the court need not address the other issues raised on this appeal at this time. On the setback issue, the ZBA will need to consider and determine the location of the normal high water line as that term is defined in section 19-1-3 of the ordinance. Citing that definition, the Murphys argue that the normal high water line is the top of the bank. On this issue the Law Court's decision in Mack v. Town of Cape Elizabeth, 463 A.2d 717, 722 (Me. 1983), interprets the definition's reference to "the top of the bank" as an example. It is therefore conceivable that "the apparent extreme limit of the effect of the tides" could fall short of the top of the bank in a given case, even after taking into account the effect of the tides beyond the high-tide level of the water itself. See id.

Assuming that the ornamental steps do not violate the setback provision, the ZBA on remand will also have to consider how much of the Goldman property falls within the Shoreland Zone for purposes of the limit on impervious surfaces. On this issue the ZBA will have to consider the Murphys' argument that the Shoreland Zoning Map is dispositive on that issue where that map is made a part of the ordinance, see Summerwind Cottage LLC v. Town of Scarborough, 2013 ME 26 ¶¶ 6-9, 61 A.3d 698, and the contrary argument that section 19-6-11 is a more specific provision that should

3

control. In the latter case, however, the ZBA will have to determine the "upland edge of coastal wetland" in front of the Goldman property, including "all areas affected by tidal action," Ordinance § 19-6-11, in order to determine the 250 foot depth of the shoreland zone and how much of the Goldman property is within that zone for purposes of the impervious surface calculation.

The ZBA has already found that the Murphys have standing to contest the issuance of a permit. (R. Tab 1A at 1).[3] On this appeal Goldman and Pilot Point LLC have contested that finding but they did not file a cross appeal.[4] To the extent that this issue might be revisited at the hearing on remand, it is likely that standing would be upheld because abutters need show only a relatively minor adverse consequence to have standing. Brooks v. Cumberland Farms Inc., 1997 ME 203 ¶ 10, 703 A.2d 844. The Murphys appear to have easement rights over the paper street that passes immediately in front of the portion of the Goldman property where the ornamental steps would be located. However, the existing record before the court indicates that some of the facts relevant to standing were developed during a different hearing on the previous agenda item, see R. Tab 4, Tr. at 3. On remand, if Goldman and Pilot Point continue to contest standing, the easement rights and the nature of the Murphys' injury should be further developed.

---

[3]    The court addressed the de novo hearing question prior to standing because on an 80B appeal standing does not go to the court's subject matter jurisdiction. Norris Family Associates LLC v. Town of Phippsburg, 2005 ME 102 ¶¶ 11-12, 879 A.2d 1007.

[4]    Compare Norris Family Associates LLC v. Town of Phippsburg, 2005 ME 102 ¶ 6 (cross appeal filed on issue of standing).

4

The entry shall be:

The November 8, 2012 decision of the Cape Elizabeth Zoning Board of Appeals in the above-captioned case is vacated and the case is remanded for the Board to hold a de novo hearing as set forth above. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: May 10, 2013

Thomas D. Warren
Justice, Superior Court

| Date Filed | 12-7-12 | CUMBERLAND County | Docket No. | AP-12-60 |

Action ___ 80B APPEAL

MAYNARD J MURPHY II
DEBOARH N HOWE MURPHY

MARSHALL GOLDMAN
PILOT POINT LLC
BRUCE SMITH
TOWN OF CAPE ELIZABETH
ZONING BOARD OF APPEALS, TOWN OF
CAPE ELIZABETH

vs.

| Plaintiff's Attorney | Defendant's Attorney |
| --- | --- |
| ANDRE DUCHETTE ESQ<br>TAYLOR MCCORMACK & FRAME<br>30 MILK ST, 5TH FLOOR<br>PORTLAND ME 04101 | JOHN WALL III, ESQ.<br>MONAGHAN LEAHY, LLP<br>PO BOX 7046<br>PORTLAND, ME 04112-7046<br>(Smith, Town, and Zoning Board) |

RICHARD BRYANT, ESQ.
VAN MEER & BELANGER
20 YORK STREET
PORTLAND, ME 04101-4556

DAVID SOLEY, ESQ.
BERNSTEIN SHUR
PO BOX 9729
PORTLAND, ME 04104-5029  (Goldman/Pilot)

Date of
Entry

2012