STATE OF MAINE
CUMBERLAND, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-14-36

GEORGE FRIOU, ADMINISTRATOR
OF SPRINGBROOK CENTER,

Petitioner,

v.

**ORDER**

OFFICE OF FAMILY
INDEPENDENCE, DEPT. OF HEALTH
AND HUMAN SERVICES,

Respondent.

STATE OF MAINE
Cumberland. ss. Clerk's Office

AUG 2 4 2015

RECEIVED

I.  Background

Petitioner George Friou, administrator of the Springbrook Center ("Springbrook"), brings this Rule 80C appeal of a decision by the Department of Health and Human Services ("DHHS") assessing a penalty resulting in MaineCare ineligibility for Thelma Taylor.[1] Thelma is an elderly resident of Springbrook. Thelma's son and attorney-in-fact, Anthony Taylor, transferred Thelma's cottage property to himself and then to his son within a five-year "look back" period considered for MaineCare eligibility. The cottage was therefore an asset considered available to pay for expenses when Thelma applied for MaineCare and resulted in a penalty equivalent to the fair market value of the property. On behalf of Thelma, Anthony sought a hardship waiver of the penalty, which DHHS denied. A hearing was held on December 17, 2013 before a DHHS hearing officer. The hearing officer affirmed the decision on May 15, 2014,

---

[1] The DHHS decision denying MaineCare benefits is not before the court; only the decision with respect to the penalty and hardship exception.

concluding that the Petitioner failed to make "reasonable efforts" to recover the cottage property, which precluded a waiver of the penalty. Petitioner appeals that decision.

## II. Discussion

### A. Standard of Review

In Rule 80C appeals, the reviewing court "is limited to determining whether the [agency] correctly applied the law and whether its fact findings are supported by competent evidence." *McPherson Timberlands v. Unemployment Ins. Comm'n*, 1998 ME 177, ¶ 6, 714 A.2d 818. The standard of review is "identical to the 'clear error' standard used by the Law Court." *Gulick v. Bd. of Envtl. Prot.*, 452 A.2d 1202, 1207-08 (Me. 1982). The burden of proof is on the claimant to prove that "no competent evidence supports the [agency's] decision and that the record compels a contrary conclusion." *Bischoff v. Maine State Ret. Sys.*, 661 A.2d 167, 170 (Me. 1995) (citation omitted). The court may not substitute its judgment for the agency's simply because the evidence could give rise to more than one result. *See Dodd v. Sec'y of State*, 526 A.2d 583, 584 (Me. 1987).

### B. Standing

DHHS first argues that George Friou, administrator of the Springbrook Center, lacks standing to pursue this Rule 80C appeal. The Taylors are not parties in this case. Under Maine's Administrative Procedures Act, "any person who is aggrieved by final agency action shall be entitled to judicial review thereof in the Superior Court." 5 M.R.S. § 11001(1). A party is "aggrieved" if they have suffered a particularized injury, the standard for which considers "whether the party seeking judicial relief has suffered an injury in fact distinct from the harm experienced by the public at large." *Ricci v.*

2

*Superintendent, Bureau of Banking*, 485 A.2d 645, 647 (Me. 1984). In addition to the requisite injury, the individual must also participate at the administrative proceeding. *Norris Family Assocs., LLC v. Town of Phippsburg*, 2005 ME 102, ¶ 11, 879 A.2d 1007.

Springbrook, as the nursing facility caring for Thelma Taylor, has a pecuniary interest in the result of her MaineCare eligibility and the penalty imposed. This is an injury different from the public at large. Heather Holland of Genesis Healthcare appeared and participated at the DHHS hearing. (Tr. 1.) Springbrook is a subsidiary of Genesis and George Friou, as administrator of Springbrook, thus meets the requirement of having participated as a party below. The Petitioner has standing.

C. Hardship Waiver under MaineCare

Waiver of a penalty on hardship grounds is a two-step process. The individual must first establish that there is a hardship, which considers whether denial would "deprive the individual of medical care such that the individual's health or life would be threatened; or deprive the individual of food, clothing, shelter, or other needs of life." 10-144 C.M.R. 332 15 § 1.9 (I)(A)-(B). If a hardship is proven, the individual must then establish that because of the hardship, the penalty should be waived.

The penalty can be waived if:

A. the individual was exploited as assessed by the Office of Elder Services; or

B. the individual can prove all of the following:

1. Neither the individual nor the spouse have the means to pay for the cost of nursing facility or home and community based waiver services, taking into consideration all exempt and non-exempt income and assets.

2. The recipient of the transferred asset is unable or unwilling to make the value of the transfer or any part of it available to pay for the individual's cost of nursing facility or home and community based waiver services.

3

3. The individual has made all reasonable efforts to recover the transferred asset or its equivalent value. The individual must cooperate with the Department in any recovery activity that is undertaken.

4. The individual must agree in writing that if the transferred assets or equivalent value are recovered, the individual will reimburse Medicaid for funds expended as a result of the approved claim of undue hardship.

10-144 C.M.R. 332 15 § 1.9 (II)(A)-(B).

The hearing officer's decision held that the Petitioner "has not made all reasonable efforts to recover the cottage or its equivalent value." (R. Ex. A 5.) The hearing officer thus assumed that a hardship had been established, but concluded the Petitioner failed to make the required showing under 10-144 C.M.R. 332 15 § 1.9 (II)(B)(3). The hearing officer stated: "there is no evidence [Anthony] Taylor made any effort(s), reasonable or otherwise, to recover the cottage or its equivalent value or otherwise made said asset available to [Thelma Taylor] for the purposes of funding her nursing facility care at any time subsequent to August 31, 2012." (R. Ex. A 12.)

Whether Petitioner made "reasonable efforts" to recover the cottage is a factual determination. In a Rule 80C appeal, a reviewing court "shall not substitute its judgment for that of the agency on questions of fact." 5 M.R.S. § 1107(3). The agency's finding of fact must be affirmed if "on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did," *Seider v. Bd. of Exam'rs of Psychologists*, 2000 ME 206, ¶ 9, 762 A.2d 551, and will not be reversed unless "the record compels contrary findings." *Kroeger v. Dep't of Envtl. Prot.*, 2005 ME 50, ¶ 8, 870 A.2d 566.

The hearing officer's finding that "reasonable efforts" were not made to recover the cottage was supported by record evidence. Anthony Taylor consistently maintained before the agency that the property was never to leave the family and the transfer to his

4

son was made to effectuate his estate plan. (Tr. 17-20.) Anthony represented that his son was unwilling to return the property. (Tr. 19.) It was undisputed, however, that while his son had borrowed against the cottage, transferring back to Anthony was not financially impossible. (Tr. 23.) Neither was there a restriction in the deed that the property could not be conveyed to an individual outside the Taylor family. (Tr. 44-45.) Lastly, aside from "speaking" with his son and wife about conveying the cottage back, Anthony Taylor had made no effort to compel the son to do so through a lawsuit or other formal means. (Tr. 22, 51.) In sum, the hearing officer's finding was more than adequately supported by the record evidence.

III.     Conclusion

Because the hearing officer's finding that the claimant had not "made all reasonable efforts to recover the transferred asset or its equivalent value" was supported by the record, the decision must be affirmed.

The clerk shall enter the following:

> The Petitioner's Rule 80C appeal is DENIED; the decision by DHHS is AFFIRMED.

SO ORDERED.

DATED: August 24, 2015

Roland Cole
Chief Justice, Superior Court

5

Date Filed:    06/23/2014

CUMBERLAND
COUNTY

Docket No. AP14-0036

Action:  80(C) APPEAL

GEORGE FRIOU, ADMINISTRATOR
OF SPRINGBROOK CENTER

OFFICE OF FAMILY INDEPENDENCE
OFFICE OF HEALTH AND HUMAN
SERVICES

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| BRIAN R HACHEY, ESQ<br>17 Canton Avenue<br>Milton, MA 02187 | Thomas Quinn, AAG<br>6 State House Station<br>Augusta ME 04333 |