STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-485

TINA GEISINGER, as Personal
Representative of the Estate of Samuel
Geisinger

       Plaintiff

v.

                    ORDER

LAW OFFICES OF ANTHONY J.
SINENI III, LLC, et al.

       Defendants

Before the court are the following motions: (1) a motion to dismiss by defendants Law Offices of Anthony J. Sineni III, LLC and Anthony Sineni Esq. (collectively, "Sineni"), (2) a motion to amend the complaint by plaintiff Tina Geisinger, as Personal Representative of the Estate of Samuel Geisinger, (3) a motion by Sineni to stay all proceedings until his motion to dismiss is decided; and (4) a motion by Sineni for sanctions in the form of dismissal and attorney's fees.

Although Sineni has not filed a pleading designated as an opposition to Geisinger's motion to amend, his opposition to that motion is set forth in the motion for sanctions. In that motion he contends that the proposed amendment constitutes an improper alteration of the pleadings because the claims alleged in the proposed first amended complaint are now asserted by Tina Geisinger individually as well as by Tina Geisinger as Personal Representative of the Estate.

The motion to amend seeks to add Geisinger in her individual capacity in response to certain of the arguments made by Sineni in his motion to dismiss. The court sees no basis at this stage of the case to deny the motion to amend because, in the court's view, rather than improperly

altering the pleadings, Geisinger is seeking leave of court to remedy any claim that there may have been a misjoinder of parties. Under M.R.Civ.P. 21 misjoinder of parties is not ground for dismissal of an action but may be remedied with leave of court. Accordingly, the motion to amend is granted, Tina Geisinger is now a plaintiff in her individual capacity, the first amended complaint is now the operative pleading in the case, and Sineni's motion for sanctions is denied.

There remains Sineni's motion to dismiss. As directed to the claims in the initial complaint, brought only in the name of the Estate, Sineni's argument appears to be that – at least as to alleged malpractice that that occurred during the period between Samuel Geisinger's death and the date when Tina Geisinger was appointed as Personal Representative – the Estate does not have standing.[1] If there is a question as to whether an Estate can pursue a claim of malpractice which arose during the period when no personal representative had been appointed, the court concludes that, for purposes of ruling on the motion to dismiss, the complaint states a claim on which relief may be granted.[2]

Specifically, although Sineni vigorously disputes that he ever agreed to represent Tina Geisinger or the Estate of Samuel Geisinger after Samuel's death, *see* Motion to Dismiss dated December 18, 2020 at 2-3, the complaint alleges that he agreed to represent the interests of the Estate pending appointment of a personal representative, which he agreed to facilitate. Complaint

[1] Although Sineni has raised standing as a jurisdictional defense as well as a basis for dismissal under Rule 12(b)(6), standing and subject matter jurisdiction are separate issues. *Norris Family Associates LLC v. Town of Phippsburg*, 2005 ME 102 ¶ 13, 879 A.2d 1007. There is no viable argument that the court does not have subject matter jurisdiction in this case.

[2] The court is unwilling to conclude that the personal representative of an estate, when eventually appointed, cannot pursue a claim of legal malpractice that allegedly occurred in the time period between the decedent's death and the personal representative's appointment, potentially leaving the estate without any remedy for wrongdoing that may have occurred during the interregnum.

2

¶ 8; Proposed First Amended Complaint ¶ 8. On a motion to dismiss, the material allegations of a complaint must be taken as admitted. *Ramsey v. Baxter Title Co.*, 2012 ME 113 ¶ 2, 54 A.3d 710.

Therefore, whether Sineni agreed to represent the interests of the Estate after Geisinger's death is a factual issue that cannot be decided on the face of the pleadings. Further development of the facts may also resolve whether the Estate and/or Tina Geisinger individually are appropriate parties to pursue claims of alleged malpractice with respect to claims that were pending at the time of Samuel Geisinger's death.

The entry shall be:

1. Plaintiff's motion to amend the complaint and to add Tina Geisinger as a plaintiff in her individual capacity is granted.

2. Defendants' motions to dismiss and for sanctions are denied.

3. Defendants' motion to stay this action is moot.

4. Defendants shall serve and file an answer to the first amended complaint on or before April 15, 2021.

5. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: March **29**, 2021

_____
Thomas D. Warren
Justice, Superior Court

**Plaintiff=Michael Welch, Esq.**
**and William Herbert, Esq.**
**Defendant-Anthony J Sineni III**

Entered on the Docket: 03/30/21

3