STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-21-09

JULIE PORTER,                    )
                                 )
            Petitioner,          )
                                 )        ORDER ON PETITIONER'S RULE 80B
      v.                         )                  APPEAL
                                 )
TOWN OF FALMOUTH                 )
and WEST FALMOUTH                )
DEVELOPMENT II, LLC,             )                          REC'D CUMB CLERKS OF
                                 )                          SEP 27 '21 PM1:53
            Respondents.         )

Before the court is Petitioner Julie Porter's Rule 80B appeal of the Respondent Town of Falmouth's ("the Town") March 2, 2021 decision to approve the Amended Subdivision Application submitted by Respondent West Falmouth Development II, LLC ("Developer") to the Town Planning Board ("the Board"). For the following reasons, the matter is remanded to the Board to make findings of fact regarding Developer's Amended Subdivision Application.

I. Factual Background

In 2018, Developer submitted preliminary plans to the Board for a subdivision consisting of sixty-eight single family residential condominium units, open space, trails, three small parks, and a parcel identified for future commercial use ("the Subdivision"). (Supp. R. S-4.) The Subdivision is located at 4 Mountain Road. (R. 60.) Petitioner resides at 12 Mountain Road, Falmouth, Maine. Petitioner's property abuts the Subdivision. (R. 4, 18.)

Section 7.3 of the Falmouth Town Code of Ordinances ("the Code") provides a list of criteria that the Board must consider before approving any major subdivision. (R. 30-

31.) The Board voted to approve the Subdivision on June 2, 2020. (R. 352.) The Board issued findings that the Subdivision met all criteria of § 7.3. (R. 352-361.)

Each unit in the Subdivision contains a building envelope, within which unit owners may construct condominium units and appurtenant structures. (R. 3-5.) The building envelope of each unit is surrounded by a "Limited Common Element." (R. 3-5, 71.) For many units, the Limited Common Element abuts open space. (R. 3-5.) In the final approved plan for the Subdivision, the Limited Common Element of each unit that abuts open space was designed to be fifteen feet wide, creating a separation of fifteen feet between the building envelope and the open space. (R. 71; Supp. R. S-220.)

On January 27, 2021, Developer submitted an Amended Subdivision Application, consisting of revised versions of the approved final plan ("the Amended Plan"). (R. 3-12.) In the Amended Plan, Developer proposed expanding the building envelopes for the majority of units to extend to the boundary of the Limited Common Element in the rear of each unit. (R. 8, 21.) The result of the revisions in the Amended Plan would be larger building envelopes, many of which would directly abut open space. (R. 22.) In a cover letter, Developer explained that the purpose of the revisions was to allow for better grading, daylight basements, and decks within the building envelopes. (R. 8.)

Regarding revisions to approved final subdivision plans, § 7.7(G) of the Code provides:

> "No changes, erasures, modifications, or revisions shall be made in any Final Plan after approval has been given by the Planning Board and endorsed in writing on the Plan, unless the Plan is first resubmitted and the Planning Board approves any modifications. In the event that a Final Plan is recorded without complying with this requirement, the same shall be considered null and void."

(R. 37.)

On March 2, 2021, the Board held a public hearing on the Amended Plan. (R. 21.) Petitioner and Petitioner's counsel attended the hearing. (R. 22.)

The Board discussed the Amended Plan, heard testimony from representatives of Developer, and heard public comments. (R. 21-22.) Members of the public who commented "were concerned with the effect this change will have on the Open Space." (R. 22.) Members of the Board inquired about the effect of the revisions on open space, drainage, square footage of dwelling units, and loss of vegetation. (R. 21-22.)

Following a discussion, Developer modified his request to maintain a separation of five feet between the building envelope and open space. (R. 22.) The Board voted, 3-2, to approve the Amended Plan subject to several conditions, including the five-foot "setback"[1] to which Developer had agreed. (R. 26.) In its Notice of Decision issued on March 9, 2021, the Board listed each of the conditions of approval, but did not list any findings of fact. (R. 26.)

Petitioner subsequently filed this appeal. Petitioner alleges that the Board erred in approving the Amended Plan because: (1) the Board failed to make adequate factual findings; (2) the Board failed to apply the proper legal standard because its members did not consider each of the criteria enumerated in 30-A M.R.S. § 4044; (3) the Board's decision is not supported by substantial evidence in the Record; and (4) the Board abused its discretion by approving the Amended Plan. (Compl. ¶¶ 30-32.) Petitioner claims that she is harmed by the Board's decision because the Amended Plan allows a larger building to be built on Unit 30, closer to the open space abutting Petitioner's property. (Compl. ¶ 28; Pet'r's Br. 5.)

---

[1] Although the separation between the building envelope and boundary of the Limited Common Element is not a setback within the meaning of the Code, the Town, members of the Board, and Developer often use "setback" to describe the design feature.

## II. 80B Appeal Standard

The Superior Court's jurisdiction to hear Rule 80B appeals is a function of statute. M.R. Civ. P. 80B(a); *Norris Family Assocs., LLC v. Town of Phippsburg*, 2005 ME 102, ¶ 13, 879 A.2d 1007. The court reviews decisions of a board for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record. *Aydelott v. City of Portland*, 2010 ME 25, ¶ 10, 990 A.2d 1024. The court may not substitute its judgment for that of the Board. *Tarason v. Town of South Berwick*, 2005 ME 30, ¶ 6, 868 A.2d 230. Petitioners bear the burden "of showing that the record evidence compels a contrary conclusion." *Id.*

The interpretation of a local ordinance is a question of law, which the court reviews *de novo. Priestly v. Town of Hermon*, 2003 ME 9, ¶ 7, 814 A.2d 995. When interpreting an ordinance, the court first looks at "the plain meaning of its language," and if the ordinance is clear, the court need not look beyond the language. *21 Seabran, LLC v. Town of Naples*, 2017 ME 3, ¶ 12, 153 A.3d 113.

## III. Discussion

Developer raises the issue of Petitioner's standing. Accordingly, the court must first determine whether Petitioner has standing to bring this appeal before proceeding to the merits of Petitioner's Rule 80B appeal.

### A. Standing

Personal standing of a party is a jurisdictional issue and necessary prerequisite to the court's authority to hear appeals. *See Lamson v. Cote*, 2001 ME 109, ¶ 11, 775 A.2d 1134 (quoting *Franklin Prop. Tr. v. Foresite, Inc.*, 438 A.2d 218, 220 (Me. 1981)). If a party lacks standing to bring the appeal, the appeal will be dismissed. *See, e.g., Collins v. State*, 2000 ME 85, ¶ 1, 750 A.2d 1257; *Est. of Anderson*, 468 A.2d 612, 613-14 (Me. 1983).

Standing to pursue a Rule 80B appeal is governed by 30-A M.R.S. § 2691(3)(G) (2021): "Any party may take an appeal, within 45 days of the date of the vote on the original decision, to Superior Court from any order, relief or denial in accordance with the Maine Rules of Civil Procedure, Rule 80B." A "party" within the meaning of 30-A M.R.S. § 2691(3)(G) is one who (1) "appeared before the board," and (2) is "able to demonstrate a particularized injury as a result of the board's action." *Sahl v. Town of York*, 2000 ME 180, ¶ 8, 760 A.2d 266. The particularized injury requirement is a low hurdle for abutters: "An abutting landowner has a particularized injury if there is a conceivable injury." *Norris Family Assocs., LLC*, 2005 ME 102, ¶ 19, 879 A.2d 1007 (quoting *Lewis v. Town of Rockport*, 2005 ME 44, ¶ 8, 870 A.2d 107).

Neither the Town nor Developer dispute, and the record reflects, that Petitioner appeared at the March 2, 2021 meeting. As an abutter, Petitioner must show merely a conceivable injury. In her brief, Petitioner expressed concern about the increased size of the building envelope, which would allow a larger building to be built closer to the Open Space abutting her property. This is a conceivable particularized injury. Accordingly, Petitioner has standing to pursue this Rule 80B appeal.

## B. Rule 80B Appeal

Petitioner challenges the Board's approval of the Amended Plan on four grounds: (1) meaningful judicial review is not possible because the Board failed to make written factual findings; (2) the Board failed to apply the proper legal standard because its members did not consider each of the criteria enumerated in 30-A M.R.S. § 4044; (3) the Board's decision is not supported by substantial evidence in the Record; and (4) the Board abused its discretion by approving the Amended Plan. The court will address each argument in turn.

### 1. Findings of Fact

By statute, all decisions of a board "must include a statement of findings and conclusions, as well as the reasons or basis for the findings and conclusions, upon all the material issues of fact, law or discretion presented . . . ." 30-A M.R.S. § 2691(3)(E) (2021). The findings must be statements of the Board as decisionmaker, not views of individual board members. *Carroll v. Town of Rockport*, 2003 ME 135, ¶ 28, 837 A.2d 148.

When reviewing a subdivision plan for approval, a board must determine that the subdivision meets each of the twenty enumerated criteria of 30-A M.R.S. § 4404. When reviewing an application for a revision or amendment to a subdivision plan which has been previously approved, a board must "make findings of fact establishing that the proposed revisions do or do not meet the requirements of section 4404." 30-A M.R.S. § 4407.

Inadequacy of the written findings is not necessarily reason to overturn the Board's decision. *Driscoll v. Gheewalla*, 441 A.2d 1023, 1026-27 (Me. 1982). If there is sufficient evidence in the record and "subsidiary facts [are] obvious or easily inferred," the Board's decision will be deemed supported by implicit findings.[2] *Christian Fellowship & Renewal Ctr. v. Town of Limington*, 2001 ME 16, ¶ 19, 769 A.2d 834; *see Forester v. City of Westbrook*, 604 A.2d 31, 33 (Me. 1992). "[T]he remedy for an agency's failure to . . . make sufficient and clear findings of fact is a remand to the agency for findings that permit meaningful judicial review." *Kurlanski v. Portland Yacht Club*, 2001 ME 147, ¶ 14, 782 A.2d 783 (quoting *Christian Fellowship*, 2001 ME 16, ¶ 12, 769 A.2d 834.).

---

[2] Although meeting minutes are not a part of a board's findings, the court may examine them to aid it in understanding "incomplete or ambiguous findings" of fact. *Ram's Head Partners, LLC v. Town of Cape Elizabeth*, 2003 ME 131, ¶ 14 n.1, 834 A.2d 916.

Before approving the Amended Plan, the Board was required to determine that the Amended Plan continued to meet each of the criteria of § 7.3 of the Code.[3] Additionally, the Board was required to determine that the Amended Plan continued to meet each of the criteria of 30-A M.R.S. § 4404. *See* 30-A M.R.S. § 4407. However, the Board failed to include written findings in its Notice of Decision. Moreover, while the Record indicates that members of the Board discussed various factual issues at the March 2, 2021 hearing, no findings were made or adopted by the Board as a whole at the hearing.

The lack of findings would not be reason to remand to the Board if the facts and reasons for the decision were apparent from the totality of the Record. On this Record, the facts relevant to the criteria of 30-A M.R.S. § 4404 and § 7.3 of the Code are not obvious. Meaningful judicial review is, therefore, not possible on this Record and the court must remand this matter to the Board. On remand, the Board must make findings of fact regarding the Amended Plan sufficient to permit judicial review.

IV. Conclusion

For the foregoing reasons, meaningful judicial review of the Board's decision is not possible. Accordingly, the court remands this matter to the Board to make findings of fact and conclusions of law regarding the Amended Plan.

The entry is:

The matter is REMANDED to Town of Falmouth Planning Board for further proceedings consistent with this Order.

---

[3] The Town argues that the Board is not required to make findings that an amended subdivision plan would continue to meet the requirements of § 7.3 because § 7.7(G) of the Code does not specifically reference the criteria of § 7.3. This argument is unavailing. If a final subdivision plan must meet the requirements of § 7.3 to be approved, then, of course, any amended final plan must also meet those requirements.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: ___9/27/2021___

_____
MaryGay Kennedy, Justice
Maine Superior Court